(56 Misc. Rep. 650.)

## VAN DEVENTER v. MORTIMER.

(Supreme Court, Appellate Term. December 12, 1907.)

1. EVIDENCE—FOREIGN JUDGMENTS—AUTHENTICATION—STATUTES — CONSTRUC-
TION.

Code Civ. Proc. §§ 952, 953, providing that a copy of the record or
other judicial proceedings of a court of a foreign country is evidence
when authenticated by the attestation of the clerk of the court with the
seal of the court affixed, or of the officer in whose custody the record
is legally kept, under the seal of his office, relate only to the authen-
tication of copies of records of courts of foreign countries.

2. SAME.

No provision is made by the Code of Civil Procedure as to the re-
quirements for admission in evidence of records of courts of other states,
the procedure relating thereto being governed by the Constitution of the
United States.

3. SAME—CONSTITUTIONAL AND STATUTORY PROVISIONS.

Const. U. S. art. 4, § 1, provides that full faith and credit shall be given
in each state to the public acts, records, and judicial proceedings of every
other state. Rev. St. U. S. § 905 [U. S. Comp. St. 1901, p. 677], provides
that the record or judicial proceedings of a foreign state shall be proved
by the attestation of the clerk and seal of the court annexed, if there be a
seal, together with a certificate of the judge, chief justice, or presiding
magistrate that the attestation is in due form. *Held*, in an action in
New York on a judgment rendered in an action brought in New Jersey
"in a court for the trial of small causes," and tried before a justice of the
peace of a certain named county, that a transcript of the judgment sued
on, certified by the clerk of the county named, with a certificate by the
justice of the common pleas court, to the effect that the attestation was
in due form and that the signature of the county clerk was genuine and
the seal of the common pleas court attached, was not a compliance with
the statutory requirement so as to render the record admissible.

Appeal from Municipal Court, Borough of Manhattan, Third Dis-
trict.

Action by William Van Deventer against John Mortimer, on a
foreign judgment. From a judgment in favor of defendant, plain-
tiff appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and GUY and BRUCE, JJ.

B. C. Chetwood, for appellant.

GUY, J. This is an appeal from a judgment, dismissing the com-
plaint in an action brought on a foreign judgment, recovered in a
"court for the trial of small causes," tried before a justice of the peace,
in the county of Monmouth, state of New Jersey.

A transcript of said judgment, certified by the clerk of that county
and of the common pleas court, with a certificate by a justice of the
common pleas court, and the seal of said court attached, was offered
in evidence by the plaintiff and was excluded upon the ground that
it did not comply with the provisions of section 949 of the Code of
Civil Procedure, which provides the manner in which a transcript from
the docket book of a justice of the peace within an adjoining state
of a judgment rendered by him * * * shall be authenticated.
Appellant contends that the transcript was competent evidence under
sections 952 and 953 of the Code, which provide that a copy of a

record or other judicial proceeding of a court of a foreign country is evidence, when authenticated by the attestation of the clerk of the court with the seal of the court affixed, or of the officer in whose custody the record is legally kept, under the seal of his office. In Trebilcox v. McAlpine, 46 Hun, 469–471, it is held "that sections 952 and 953 of the Code of Civil Procedure relate only to the authentication of copies of records, etc., of courts of foreign countries. The Code contains no provision as to the records of courts of other states in this country. Provisions for these are contained in the Constitution and statutes of the United States." Section 1, art. 4, Const. U. S., provides: "Full faith and credit shall be given in each state to the public acts, records and judicial proceedings of every other state," and section 905 of the United States statutes [U. S. Comp. St. 1901, p. 677] provides the manner in which such acts, records, and proceedings shall be proved.

The record offered in evidence by plaintiff would be competent evidence, if authenticated in the manner provided by the United States statute, but it has not been so authenticated. The statute provides that the record or judicial proceeding shall be proved "by the attestation of the clerk and the seal of the court annexed, if there be a seal, together with a certificate of the judge, chief justice, or presiding magistrate that the attestation is in due form." The action in New Jersey, as appears from the record, was brought in a "court for the trial of small causes," and tried before a justice of the peace, and the judgment roll was certified by said justice. But the clerk's certificate is made by the county clerk of the county of Monmouth, not by the clerk of the trial court, the seal attached is the seal of the common pleas court, and the certificate of the justice of the common pleas court is solely to the effect that the attestation is in due form and that the signature of said county clerk is genuine.

No statute of the state of New Jersey was introduced in any way connecting the common pleas court or the justice thereof or the county clerk with the proceedings in the "court for the trial of small causes," or with proceedings before a justice of the peace. The United States statute contemplates a certificate by the clerk of the court in which the action was tried, and a certificate by the judge of such court that the attestation is in due form.

In the absence of such authentication, the record was properly excluded.

Judgment affirmed, without costs. All concur.