(82 Misc. Rep. 438.)

### MALONE v. BOCKER.

(Supreme Court, Appellate Term, First Department. November 13, 1913.)

1. JUDGMENT (§ 818*)—ACTION ON FOREIGN JUDGMENT—DEFENSES.

A defendant, sued on a foreign judgment, may show that the court in which the judgment was rendered was without jurisdiction over his person, in that he was not served and did not appear, and that the attorney who appeared for him did so without authority.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1458–1481; Dec. Dig. § 818.*]

---

2. JUDGMENT (§ 818*)—COLLATERAL ATTACK—FOREIGN JUDGMENT.
　　The rule that a judgment based on an unauthorized appearance cannot be attacked collaterally does not apply to foreign judgments.

　　[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1458–1481; Dec. Dig. § 818.*]

3. JUDGMENT (§ 820*)—FOREIGN JUDGMENT—FRAUD.
　　Notwithstanding a provision of a lease by which defendant constituted a person named, or any attorney of any court of record in Illinois, as his attorney, with power to appear in any action brought against defendant and confess judgment, defendant may show, to relieve himself from a judgment so obtained against him, that he was induced to sign the lease by false representations that it did not contain such a provision.

　　[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1486, 1487; Dec. Dig. § 820.*]

Appeal from City Court of New York, Trial Term.

Action by Joseph Malone against Ernst Bocker. From judgments for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued October term, 1913, before SEABURY, GUY, and BIJUR, JJ.

Cornelius Huth, of New York City (Isidor M. Katz, of New York City, of counsel), for appellant.

Hirsch, Scheuerman & Limburg, of New York City (Morris J. Hirsch and Mortimer H. Hess, both of New York City, of counsel), for respondent.

SEABURY, J.　Appeals from two judgments have been taken which involve substantially the same question. The plaintiff sues in two actions as assignee of two judgments recovered against the defendant in the state of Illinois. These judgments were recovered in actions for rent upon a written lease. The lease contained a clause in which the defendant constituted one Mayer, "or any attorney of any court of record in the state of Illinois," as his attorney, with power to appear in any action brought against him and to confess judgment.

The answer alleges that the defendant was induced to sign the lease as the result of false and fraudulent representations that the lease was merely a lease and did not contain a power of attorney. The answer further alleges that the attorney of record in the Illinois actions appeared without authority from the defendant and confessed judgment. Upon the trial, the defendant attempted to produce evidence in support of these allegations, but was not permitted to do so. At the time the actions in Illinois were brought, this defendant was, and ever since has been, a resident of the state of New York. The evidence which the defendant offered should have been received.

[1] It is competent for such a defendant to show that the foreign court in which the judgments were recovered was without jurisdiction over the defendant, that he was not served and did not appear, and that the attorney who appeared for him in such actions was not authorized so to do. Vilas v. P. & M. R. R. Co., 123 N. Y. 440, 25 N. E. 941, 9 L. R. A. 844; 20 Am. St. Rep. 771; Woodward v. Mutual

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Reserve Life Insurance Co., 178 N. Y. 485, 71 N. E. 10, 102 Am. St. Rep. 519.   In Vilas v. P. & M. R. R. Co., supra, the court said:

"It is well settled that, in an action brought in our courts on a judgment of a court of a sister state, the jurisdiction of the court to render the judgment may be assailed by proof that the defendant was not served and did not appear in the action, or, where an appearance was entered by an attorney, that the appearance was unauthorized, and this even where the proof directly contradicts the record."

[2] The rule that a judgment founded on an unauthorized appearance cannot be attacked collaterally has no application to foreign judgments, but applies only to judgments rendered in the courts of our own state.   White v. Glover, 138 App. Div. 797, 123 N. Y. Supp. 482.

[3] It is claimed that the defendant is in no position to attack the judgments sued upon, because he is conclusively bound by the provision of the lease constituting any attorney of any court of record in Illinois as his attorney, with power to confess judgment on his behalf.   Comprehensive as this clause is, it does not prevent the defendant from showing, if he can, that he was induced to sign the lease by false and fraudulent representations, and that he signed the lease because he was induced by such representations to believe that it did not contain such a clause.   Gray v. Richmond Bicycle Co., 167 N. Y. 348, 60 N. E. 663, 82 Am. St. Rep. 720.   Whether or not the evidence presented on these trials was sufficient to establish that the lease was procured by fraud, or to establish the fact that the appearance for the defendant in the Illinois court was unauthorized, cannot now be determined.   These issues of fact should have been submitted to the jury for their determination.

Judgments reversed, and new trials ordered, with costs to the appellant to abide the event.   All concur.