H. G. BITTLESTON LAW AND COLLECTION AGENCY, Respondent,
*v.* EVAN BURROWS FONTAINE, Appellant.

Supreme Court, Appellate Term, First Department, May 5, 1926.

Judgments — action to recover on foreign judgment obtained by plaintiff against defendant — judgment roll not properly authenticated within meaning of United States Revised Statutes, § 905 — error to put said judgment in evidence — court erred in refusing to permit defendant to show service never had been made upon her — judgment entered by courts of foreign State subject to impeachment in this State.

In an action to recover on a foreign judgment obtained by plaintiff against the defendant, the judgment roll therein, on which plaintiff predicated jurisdiction in the Municipal Court of the city of New York, was erroneously put in evidence, where the only proof showing authentication was a bare recital that the action was brought in the Justices' Court of Los Angeles township, in the county of Los Angeles, State of California; that an inquest was taken therein by a justice

of the peace and that the judgment entered thereon was signed by him. The fact that the clerk's certificate is made by the " clerk of Los Angeles county " rather than by the clerk of the trial court, and that the seal attached is the seal of the Superior Court of Los Angeles county, Cal., does not show proper authentication within the meaning of section 905 of the United States Revised Statutes, which provides the method by which records of courts of other States or countries shall be proved.

Moreover, it was error for the trial court to refuse to permit defendant to show that she was not served with process and did not appear, since a judgment rendered by the courts of another State is always open to impeachment for want of jurisdiction over the subject-matter or the parties.

APPEAL by defendant from a judgment of the Municipal Court, Borough of Manhattan, Ninth District, in favor of plaintiff.

*Charles Firestone*, for the appellant.

*Henry S. Goodspeed*, for the respondent.

DELEHANTY, J.   The action is to recover on a foreign judgment obtained by plaintiff against defendant. The answer pleads a general denial and a defense that the complaint is defective in that it does not allege that the Justices' Court of Los Angeles township, county of Los Angeles, State of California, is a court of general jurisdiction and that said court had jurisdiction over the subject-matter of the action.

The judgment roll put in evidence by plaintiff and on which it relies to establish jurisdiction contains the certificate of the presiding justice of the Justices' Court, Los Angeles township, Los Angeles county, State of California, to the effect that Justice HOWARD R. HINSHAW, who took the default judgment herein, had jurisdiction of the action. As our Civil Practice Act contains no provision as to the authentication of records of courts of other States in this country, we are relegated to the provisions contained in the Federal Constitution and statutes of the United States relative thereto. (*Trebilcox* v. *McAlpine*, 46 Hun, 469, 471.) Section 1, article 4, of the Constitution of the United States provides: " Full faith and credit shall be given in each State to the public Acts, Records, and *judicial Proceedings* of every other State; " and section 905 of the United States Revised Statutes provides the manner of proving same.   The judgment roll in question, received in evidence over the objection of defendant's counsel, if properly authenticated would have been competent evidence, but it was not.   The statute cited provides that the record or proceeding shall be proved by the " attestation of the clerk, and the seal of the court annexed, if there be a seal, together with a certificate of the judge, chief justice, or presiding magistrate, that the said attestation is in due form."   From all that appears in the judgment

Surrogate's Court, New York County, May, 1926. [Vol. 127

roll in question the action was brought in the Justices' Court of Los Angeles township, in the county of Los Angeles, State of California, and an inquest taken therein by a justice of the peace and the judgment entered thereon signed by him. The clerk's certificate is made by the " Clerk of Los Angeles County," not by the clerk of the trial court, and the seal attached is the seal of the Superior Court of Los Angeles county, Cal. Furthermore, the certificate of the justice of the Superior Court is to the effect that the attestation is regular in form and that the signature of the county clerk is regular. I conclude, therefore, that the record was improperly authenticated, and on account thereof should not have been received in evidence. (*Van Deventer* v. *Mortimer*, 56 Misc. 650.)

Another point involved herein is as to the right of defendant to assail the jurisdiction of the foreign court to render judgment by showing that she was not served with process and did not appear. In *Smith* v. *Central Trust Company* (154 N. Y. 333, 338) the court said: " A judgment rendered by the courts of another State, however, is always open to impeachment for the want of jurisdiction either over the subject-matter or the parties." (See, also, the opinion of this court on the same subject in *Malone* v. *Bocker*, 82 Misc. 438.)

The learned court below ruled to the contrary and excluded proof that the defendant was not served. This was error, and on the whole record I conclude that the judgment should be reversed and a new trial granted, with thirty dollars costs to appellant to abide the event.

All concur; present, BIJUR, DELEHANTY and WAGNER, JJ.