OPINION OF THE COURT
Fred W. Eggert, J.
This case presents the question whether a conditional examination of a hospitalized prosecution witness may be held outside this State, over the defendant’s objection. I conclude that such an examination may not be held outside the State. A court may not conduct a proceeding in a place outside the territorial limits of its jurisdiction without explicit statutory authority.
The background of this case is as follows: The defendant is *443 charged with attempted murder and related crimes. During the pendency of this case, one of the People’s witnesses was shot in an unrelated incident. The witness is now a quadriplegic who requires constant nursing care. He is hospitalized at a rehabilitation center near Boston, Massachusetts.
For purposes of this discussion I am assuming that this is a necessary witness, that transporting him to any location in this State would be injurious to his health, and that his condition is unlikely to improve in the foreseeable future. The People have not yet provided competent proof supporting any of these assumptions. Nevertheless, it is necessary to decide a threshold question, apparently of first impression. May a conditional examination under CPL article 660 be held outside the State?
The purpose of a conditional examination is to preserve the testimony of a potentially unavailable witness. CPL 660.20 provides that:
"An order directing examination of a witness conditionally must be based upon the ground that there is reasonable cause to believe that such witness:
"1. Possesses information material to the criminal action or proceeding in issue; and
"2. Will not be amenable or responsive to legal process or available as a witness at a time when his testimony will be sought, either because he is:
"(a) About to leave the state and not return for a substantial period of time; or
"(b) Physically ill or incapacitated.”
If a conditional examination is completed in accordance with the requirements of article 660 and the witness does, indeed, prove unavailable, the conditional examination may be received in evidence at a trial or other proceeding. (The requirements of article 670, governing the use of prior testimony, must be satisfied as well.)
A conditional examination is very different from a deposition or any other device used in civil litigation. A conditional examination is a court proceeding which must be conducted by a Judge.
CPL 660.50 (2) provides that: "If the court is satisfied that grounds for the application exist, it must order an examination of the witness conditionally at a designated time and place. Such examination must be conducted by the same *444 court; except that, if it is to be held in another county, it may be conducted by a designated superior court of such other county.”
CPL 660.60 provides that:
"1. The examination proceeding must be conducted in the same manner as would be required were the witness testifying at a trial, and must be recorded in such fashion as the court has directed pursuant to subdivision three of section 660.50 of this chapter. The witness must testify under oath. The applicant party must first examine the witness and the respondent party may then cross-examine him, with each party entitled to register objections and to receive rulings of the court thereon.
"2. Upon conclusion of the examination, a transcript and any videotape or photographic recording thereof must be certified and filed with the court which ordered the examination.”
Thus, the conditional examination "should in almost all particulars simulate and mirror the examination of such witness at a trial itself’ (Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 660.60, at 330). The only features of a conditional examination which differ from those of a trial are the absence of a jury and the presence of duly authorized video tape recording.
Since a conditional examination must be a regular court proceeding conducted by a Judge, it is fairly obvious that it may not be taken "on the road” and conducted in another State. It is a universally accepted principle of law that a court may not sit outside the territorial limits of its jurisdiction, for any reason whatsoever, even with (and, a fortiori, without) the consent of all parties, and any proceeding so conducted is a nullity (21 CJS, Courts, § 121, at 139; Annotation, Place of Holding Sessions of Trial Court as Affecting Validity of its Proceedings, 18 ALR3d 572; Knight v Younkin, 61 Idaho 612, 105 P2d 456).
The only known exception to this rule is that a jury view of premises may take place anywhere, but only because a view of premises is not considered a court proceeding, as nothing is said or done thereat (see, People v Thorn, 156 NY 286). If a view of premises were considered a court proceeding it could only be done within the territorial limits of the particular court (People v Pisano, 142 App Div 524).
In modern times, our Court of Appeals has reaffirmed the *445 ancient rule against extraterritorial court sessions. In People v Shepherd (68 NY2d 841), a Town Justice held a suppression hearing in a City Court building lying outside the town limits. This was done on consent, for the purpose of holding the hearing together with a hearing in the City Court concerning the same issue. The People lost the suppression hearing and raised the jurisdictional issue on appeal despite their previous consent. The Court of Appeals held that the Town Court could not hold a proceeding outside its geographical limits and that by doing so it created a nonwaivable jurisdictional defect.
In the instant case the People ask this court to cross a State boundary to conduct a proceeding to which the defendant has not even consented. A Judge of this State who crosses a State line instantly undergoes a transformation as dramatic as Cinderella’s midnight metamorphosis; the Judge turns into an ordinary citizen traveling in another State, with no more power to hold court or administer oaths and affirmations than any other private person might have.
There is nothing in CPL article 660 to suggest that it was intended to permit a conditional examination outside the State. Quite the contrary, CPL 660.50 (2) provides that: "if [the examination] is to be held in another county, it may be conducted by a designated superior court of such other county.” No reference is made to examinations in other States.
"A court cannot by implication supply in a statute a provision which it is reasonable to suppose the Legislature intended to omit; and the failure of the Legislature to include a matter within the scope of an act may be construed as an indication that its exclusion was intended” (McKinney’s Cons Laws of NY, Book 1, Statutes § 74). Moreover, "[A]n intention will not be inferred from general language of an act to give it extraterritorial effect” (Ewen v Thompson-Starrett Co., 208 NY 245, 247). If the Legislature had intended article 660 to apply to an out-of-State situation it would have said so (see, People v Bromwich, 135 App Div 67, 71, affd 200 NY 385).
Further support for the conclusion that CPL article 660 was never intended to apply out of State comes from CPL article 680, entitled "Securing Testimony Outside the State for Use in Proceeding Within the State-Examination of Witnesses on Commission”. Article 680 was enacted at the same time as article 660, as parts of the original Criminal Procedure Law (L 1970, ch 996) and both articles were derived from provisions of the former Code of Criminal Procedure.
*446 Article 680 sets forth a detailed procedure for the taking of testimony outside the State on a "commission”, that is, a process issued by a court of this State designating one or more commissioners in another State, territory, or foreign country and authorizing them to conduct a recorded examination of a witness or witnesses under oath (CPL 680.10). Only a defendant may initiate the commission process (CPL 680.20) and the People’s right to an examination on commission of further witnesses is exclusively reciprocal (CPL 680.30, 680.40; People v Bromwich, supra).
If article 660 were intended to permit an out-of-State conditional examination of a witness who could not be brought into the State, article 680 would appear to serve no useful purpose (see, People v Carter, 37 NY2d 234). In any event, taking the Criminal Procedure Law as a whole, the statutory scheme seems to be that if an out-of-State witness cannot be brought into the State by means of CPL article 640 (witnesses at liberty) or article 650 (witnesses in custody), then the sole remaining remedy is examination on commission under article 680, a remedy which the Legislature has chosen to deny to the People unless the process is initiated by the defendant.
For all of these reasons, I conclude that a conditional examination may not be held outside this State over the defendant’s objection. In this case there is no question but that the People will be seriously disadvantaged by this ruling, if the witness is truly necessary and if he cannot be transported to a hospital in New York in the foreseeable future. Unfortunately, this is due to the happenstance that the witness is hospitalized out of State. If the witness could be brought to a hospital anywhere in New York the People would clearly be entitled to a conditional examination.
Generally it is public policy that a State boundary should not pose an insurmountable barrier to the prosecution of a crime, and that policy has been implemented by various legislative enactments concerning close pursuit, extradition, detainers, production of witnesses, and similar subjects. Unfortunately, no such enactment covers the situation presented in this case. Trial court improvisation is no substitute for legislative action (People v McGee, 76 NY2d 764).
Accordingly, the People’s application that a witness be conditionally examined in Massachusetts is denied.