JOHN S. ROSSELL, d. b. a., *vs.* BENJAMIN F. BARTRAM, p. b. r.

*Garnishment—Municipal Agent.*

Garnishment will not lie against one holding, as agent for a city, money due a municipal commission appointed in its behalf, but will for money held as agent for the commission.

(*February 24, 1898.*)

LORE, C. J., and PENNEWILL and BOYCE, J. J., sitting.

*William S. Hilles*, for defendant below appellant.

*William T. Lynam*, for plaintiff below respondent.

Superior Court, New Castle County, February Term, 1898.

APPEAL from a judgment of John A. Kelley, a Justice of the Peace in and for New Castle County. The facts and contentions appear in the charge of the Court.

BOYCE, J., charging the jury :

Gentlemen of the Jury :—This is an appeal from a judgment of a Justice of the Peace, and is tried here the same as if suit had been brought in this Court in the first instance.

Benjamin F. Bartram, the plaintiff below respondent, having, on the eighteenth day of October, last past, obtained a judgment before Esquire Kelley of this City against Daniel W. Taylor, who had been sued with Edwin H. Gayley, late trading as Heald & Company, for the sum of $219.66, debt and interest, besides cost of suit, did, on the same day, cause an execution to be issued thereon with an attachment clause annexed thereto, which was directed to a constable of this county. The constable made return : ''No goods, attachment laid in the hands of John S. Rossell and summoned him to answer as garnishee.''

The plaintiff in the attachment proceedings required the garnishee to plead ; and a plea of *nulla bona* was entered. After a hearing under the plea, the Justice rendered a judgment against John S. Rossell, the appellant, in favor of Benjamin F. Bartram, the plaintiff, for the sum of $219.66 debt, and $6, costs of suit.

You will observe that it is sought by this action to attach in the hands of John S. Rossell, the appellant, money admitted to be due to Daniel W. Taylor.

Chapter 98, Vol. 20, Laws of Delaware, constituting and appointing Daniel W. Taylor, John S. Rossell, and others a Commission to consider the question of Municipal Government for the City of Wilmington, has been read in your hearing in the progress of this case, as well as also Chapter 574, Vol. 20, Laws of Delaware, fixing the amount of compensation for the services rendered by said Commission, and authorizing and directing the Mayor and Council of Wilmington '' to pay to John S. Rossell, Secretary of said Commission, the sum of two thousand dollars to be by said Commission, apportioned among the members thereof for their services, the said Commission taking into consideration the services rendered by each member respectively.''

It is admitted that the Commission performed the services required of it, and that the Mayor and Council of Wilmington did, pursuant to the last mentioned act of the General Assembly, pass an ordinance to the effect ''that the sum of $2,374.32 be placed to the credit of the account of the Commission to consider the question of Municipal Government to be paid to John S. Rossell, Secretary of said Commission ;'' that said sum was paid

by the Mayor and Council of Wilmington to said John S. Rossell, Secretary of said Commission, pursuant to said ordinance, he receipting therefor to the proper officer of the City ; that of the sum so paid the sum of two thousand dollars has been apportioned among the members thereof as required by the act of Assembly providing for the payment of the same ; that each of the members of said Commission has received his proportionable share of the money appropriated for their services except Daniel W. Taylor, the sum of $259.33 due him having been withheld by Rossell pending this action.

The proofs and admissions in this case bring it within a very narrow compass. And the simple question for determination is, whether the attachment which has been laid will lie.

We have been asked by counsel for the appellant to charge that "An officer of a municipal corporation, or other public officer, is not liable to be attached in relation to money in his hands."

We say to you that persons holding property or money in a fiduciary capacity or under public authority, such as executors, trustees, public officers and municipal corporations are not ordinarily subject to garnishment.

That a surplus in the hands of a sheriff or a distributive balance in the hands of an administrator may be attached is not questioned in this State ; but this proceeds upon the ground that the representative or legal character of the person holding the money or property has ceased to exist, and that such person has become liable personally in his private capacity.

Counsel for the plaintiff alleges that the Commission appointed under the act of Assembly, already referred to, had performed its duty and ceased to be a public body before the attachment was laid, and likewise that the money in Rossell's hands was not at the time of the attachment in the custody of the law ; but that it was held by him in his private capacity for the persons to whom it belonged as their agent and not as a public officer or agent of the City of Wilmington.

The question for you to determine from all the facts and evidence in this case is whether Rossell received the money

VERDICT.

which was paid to him, as agent for the Commission, or, as agent for the City of Wilmington, on whose behalf the services of the Commission were rendered.

If you shall find that Rossell received the money which was paid to him, as agent for the Commission, then your verdict should be for the plaintiff; if on the other hand you should find that he received the same as agent for the City in disbursing the money due by it to the Commission, then your verdict should be for the defendant.

Verdict for defendant below appellant.