## COURT OF APPEALS,

### Jan. 10, 1911.

# THE PEOPLE v. THOMAS E. BROMWICH.

### (200 N. Y. 385.)

(1.) ELECTION LAW—FALSE REGISTRATION—ERRONEOUS AMENDMENT OF INDICTMENT.

The defendant was indicted and convicted for the crime of false registration in appearing before the inspectors of election for the fifteenth election district of the thirty-first assembly district in the county of New York as a voter in said district, he not being a qualified voter in such district, nor a citizen of the United States or of the State of New York, nor an inhabitant of said election district for the last thirty days preceding the date of the election. The prosecution was allowed, over defendant's objection and exception, to amend the indictment by inserting the thirty-fifth assembly district in lieu of the thirty-first assembly district wherever the words appeared therein. *Held*, that the amendment is not merely in the description of the offense, but in the identity of the offense. An amendment of this character is not permissible.

(2.) SAME—EVIDENCE—THE FACT THAT DEFENDANT WAS NOT NATURAL-IZED CAN BE PROVED ONLY BY WITNESSES PRODUCED IN COURT—NOT BY CERTIFICATES OF CLERK OF COURT.

Defendant claimed to have been naturalized at a city named by him and at a specified time. The court admitted in evidence certificates signed by clerks of various courts held in the city so named that they failed to find any record of his naturalization. *Held*, error; that a defendant in a criminal prosecution is entitled to be confronted with the witnesses against him, and for this reason the fact that there was no record of defendant's naturalization could be proved only by a witness personally produced in court.

*People* v. *Bromwich*, 135 App. Div. 67, 24 N. Y. Crim. 159, affirmed.

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered De-

cember 10, 1909, which reversed a judgment of the Court of General Sessions of the Peace in the county of New York rendered upon a verdict convicting the defendant of the crime of false registration and granted a new trial.

The facts, so far as material, are stated in the opinion.

*Edward R. O'Malley, Attorney-General (Jacob Frank of counsel)*, for appellant. The certificates of the courts of Connecticut received in evidence on behalf of the People were competent. (Code Civ. Pro. § 921.)

*William E. Morris* for respondent.

CULLEN, Ch. J. The defendant was indicted for the crime of false registration in appearing before the inspectors of election for the fifteenth election district of the thirty-first assembly district in the county of New York as a voter in said district, he not being a qualified voter in such district, nor a citizen of the United States or of the state of New York, nor an inhabitant of said election district for the last thirty days preceding the date of the election. On this indictment he was tried, convicted and sentenced. The Appellate Division reversed the judgment on question of law only, having examined the facts and found no error therein, and ordered a new trial. From that determination the People have appealed to this court.

The first error of which the defendant complains is that on the trial the prosecution was allowed, over his objection and exception, to amend the indictment by inserting the thirty-fifth assembly district in lieu of the thirty-first assembly district wherever the words appeared therein. The learned judge who wrote for the majority of the Appellate Division was of opinion that the amendment was authorized under section 293 of the Code of Criminal Procedure, which provides: " Upon

the trial of an indictment, when a variance between the allega-
tion therein and the proof, in respect to time, or in the name or
description of any place, person or thing, shall appear, the
court may, in its judgment if the defendant cannot be thereby
prejudiced in his defense on the merits, direct the indictment
to be amended, according to the proof, on such terms as to the
postponement of the trial, to be had before the same or another
jury, as the court may deem reasonable." We entertain a
different view. While the indictment contains but a single
count, the defendant is alleged to have violated the law and
been guilty of a crime for two different reasons: (1) Because
he was neither a citizen of the United States nor of the state of
New York. (2) Because he was not an inhabitant of the
election district thirty days previous to the date of election.
Under the first allegation the defendant would be guilty of the
crime, no matter in what election district he registered, and
had the indictment contained this single allegation, the amend-
ment would clearly have been justified under the provisions of
the Code quoted. The statement of the election district would
not be any element of the crime, but a mere specification of the
particular place in which the crime was committed. Not so,
however, as to the second allegation of the indictment. There
the crime charged is that the defendant registered at a particu-
lar election district where he was not entitled to vote because
he was not an inhabitant of that district. The particular dis-
trict in which the registry was obtained was an essential ele-
ment of the crime. The grand jury have not found that the
defendant was not an inhabitant of the thirty-fifth district,
which was necessary to constitute a crime under the amend-
ment of the indictment. In other words, the amendment is not
merely in the description of the offense, but in the identity of
the offense. An amendment of this character is not permissi-
ble. (*People* v. *Geyer,* 196 N. Y. 364.)

The majority of the court below placed their decision on the

admission by the trial court of improper evidence to establish
that the defendant was not a citizen of the country and hence
not entitled to vote anywhere. There was first placed in evi-
dence his affidavit before the inspectors that he was born in
England and that he was naturalized at Bridgeport, Connecti-
cut, in 1887. Then over the objection and exception of the
defendant there was admitted in evidence certificates signed
by the clerks of the various courts held in Bridgeport that after
an examination of the records from 1875 to date they failed to
find any record of the naturalization of the defendant. The
certificates were signed by the clerks of the courts and their
official seals attached. Some of the certificates were exempli-
fied by the presiding judge of the courts, others not. It is
sought to sustain the admission of these certificates under sec-
tion 392 of the Code of Criminal Procedure, which provides:
" The rules of evidence in civil cases are applicable also to
criminal cases, except as otherwise provided in this Code," and
section 921 of the Code of Civil Procedure, which provides:
" Where the officer, to whom the legal custody of a paper
belongs, certifies, under his hand and official seal, that he has
made diligent examination, in his office, for the paper, and
that it cannot be found, the certificate is presumptive evidence
of the fact so certified, as if the officer personally testified to
the same." The Appellate Division thought it doubtful if sec-
tion 921 applied to other than officers within this state, because
there is no provision made for the authentication of the signa-
ture of the clerk and the seal of the court, as required under the
act of Congress for the exemplification of records of one state
to be used in another. We think there is a good deal of force
in that doubt. The court based its decision, however, on the
ground that the defendant was entitled to be confronted with
the witnesses against him, and for this reason the fact that
there was no record of defendant's naturalization could be
proved only by a witness personally produced in court. We

think that in this view the court below was correct. It is doubtless true that the first ten amendments to the Federal Constitution are not restraints on the powers of the states, and also that our Bill of Rights which provides that, "In all criminal prosecutions the accused * * * is entitled * * * to be confronted with the witnesses against him," is but a statute and subject to legislative amendment, except so far as certain of its provisions appear in the first article of our Constitution. We think it entirely clear, however, that there is no legislation modifying or repealing the provisions quoted from the Bill of Rights. True, by section 392 of the Code of Criminal Procedure, above referred to, rules of evidence in criminal cases are the same as in civil cases, "except as otherwise provided in this Code," but section 8 of the same Code provides that a defendant is entitled "to be confronted with the witnesses against him in the presence of the court," with a single exception not applicable to the case before us. The right to be confronted with the adverse witnesses in court is plainly a case "otherwise provided for," and, therefore, comes within the express exception of section 392. It may be also said that though the Bill of Rights is but a statute, it is a statute of great antiquity in this state, having been enacted first in 1787, and having remained on the statute books ever since, despite the perpetual revision and codification our laws undergo. It now appears in article 2 of the Civil Rights Law. Such a statute should be deemed amended by other provisions of law only when the legislature has expressed that intention in clear terms.

The order of the Appellate Division should be affirmed.

GRAY, WERNER, WILLARD BARTLETT, HISCOCK, CHASE and COLLIN, JJ., concur.

Order affirmed.