No. 10,029.

NELSON, ADMINISTRATRIX *v.* NELSON.

Decided July 3, 1922.   Rehearing denied October 18, 1922.

Proceedings involving a claim against the estate of a deceased person.   Claim allowed.

*Affirmed.*

1.  STATUTES—*Amendments.*   Statutory amendments by implication are not favored.

2.      *Construction.*   Statutes, although apparently conflicting, should be so construed, if possible, as to give effect to every part of each of them.

*Error to the County Court of Clear Creek County, Hon. Royal R. Graham, Judge.*

Mr. E. L. REGENNITTER, Mr. WM. W. GRANT, JR., for plaintiff in error.

Mr. GEORGE B. NELSON, Mr. JOHN R. SMITH, for defendant in error.

*En banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

ADOLPH NELSON died March 30, 1918.   April 22, following, letters of administration were issued to his widow, plaintiff in error.   May 20, 1918, was fixed as adjustment day and notice published accordingly.   January 11, 1919, defendant in error, James J. Nelson, filed his claim against

the estate, the basis of which was a promissory note, principal and interest amounting to $2024.50. The justice of this debt is not disputed. Objection was made because the claim was not filed within six months. The objection was overruled, the claim allowed as a claim of the fifth class and to review the judgment thereupon entered the administratrix sues out this writ.

Prior to 1915, our law provided: "Persons having claims against estates may file the same at any time within *one year* after the granting of any letters of executorship, administratorship or guardianship * * *." L. 1903, p. 518, sec. 125. (R. S. 1908, sec. 7210.)

This section was amended by changing the words "one year" to "six months." L. 1915 p. 495 sec. 12.

The administratrix contends here that by virtue of this amendment the James J. Nelson claim was filed too late and should have been disallowed, this being the only act then in force fixing the time for filing claims and that time being therein specifically limited to six months.

Prior to 1911 claims against estates were divided into four classes, as to the last of which the statute provided:

"Fourth. All other debts and demands of whatsoever kind, without regard to quality or dignity, which shall be filed in the County Court *within one year* from the granting of letters as aforesaid, and thereafter allowed by the court, shall compose the fourth class; * * * and all demands not filed *within one year* as aforesaid, and afterwards allowed, shall be forever barred, * * *." L. 1903 p. 516, sec. 121 (R. S. 1908, sec. 7206.)

The foregoing section was so amended in 1911 as to divide all claims into five classes, as to the fifth of which the provision was identical with the fourth above quoted. L. 1911 p. 540 sec. 1. The last mentioned act remained in force up to and including the date of the filing of the claim here in question. Defendant in error contends that under the provisions of this 1911 statute, which is the only act specifically barring claims not filed within a given time, his claim, not falling within the bar thereof, was

properly allowed. As to this section it is the contention of the administratrix that the amendment of 1915 was likewise, by necessary implication, an amendment of the act of 1911, or a suspension of the "one year" provision thereof, and that the words "one year" appearing therein should now therefore be read "six months."

In our opinion no question of the suspension of an act, or any portion thereof, is here involved and no consideration of the distinction between a suspension and a repeal, as discussed in *Heinssen v. State,* 14 Colo. 228, 234, 23 Pac. 995, is necessary. There is here either an amendment by necessary implication or no amendment. It will thus be observed that the case of the administratrix rests upon an amendment by necessary implication and that of claimant upon the construction of an apparent conflict.

Amendments by implication are not favored. *Reynolds v. Larkins,* 10 Colo. 126, 130, 14 Pac. 114; *In re Funding of County Indebtedness,* 15 Colo. 421, 430, 24 Pac. 877; *Griswold v. Griswold,* 23 Colo. App. 365, 129 Pac. 560; *Lovelace v. Tabor, M. & M. Co.,* 29 Colo. 62, 66 Pac. 892; *Hodgkins v. Ashby,* 56 Colo. 553, 556, 139 Pac. 538.

It thus becomes perfectly apparent that if the act of 1915 can be reasonably reconciled with the act of 1911 and full force and effect be given to the words "six months" in the former and "one year" in the latter it should be done. If we assume that it was the intention of the legislature to require the holder of a preferred claim to file it within six months and in case of failure to relegate that claim to the general class, the entire difficulty disappears.

To illustrate: "Accounts contracted for the necessaries of life for the use of the testator or intestate and his family, during his or her last illness, for a period not exceeding 30 days preceding the death" fell within the fourth class under the act of 1903 and like all other general claims might have been filed at any time within one year. After the passage of the act of 1911 the situation was the same save that such claims were given preference by being in-

cluded in the third class. By the amendment of 1915 the preference was made to depend upon the filing within six months. If filed thereafter, and within one year, the preference was lost and the claims fell within the general class.

This interpretation avoids the necessity of amendment by implication, gives effect to all the language of the acts in question, and seems to us the reasonable one. It is therefore adopted.

This claim having been filed within one year and allowed as of the fifth class that judgment was correct and is hereby affirmed.

MR. JUSTICE TELLER sitting as Chief Justice.

MR. CHIEF JUSTICE SCOTT, MR. JUSTICE DENISON and MR. JUSTICE CAMPBELL not participating.