THE STATE OF DELAWARE, upon the relation of Pierre S. duPont, Tax Commissioner, *v.* HELEN R. BRADFORD.

*(January* 3, 1936.)

LAYTON, C. J., HARRINGTON and RODNEY, J. J., sitting.

*George C. Hering, Jr.,* for plaintiff.

*Aaron Finger* for defendant.

Superior Court for New Castle County, Execution, No. 82, November Term, 1935.

RODNEY, J., delivering the opinion of the Court:

It has frequently been held in this State that statutory repeals by implication are not favored. A former act will not, by implication, be held to have been repealed by a later act unless the two cannot have a concurrent operation or unless the latter so covers the subject matter of the former as to afford conclusive evidence of an intent to supercede it. *State v. Peverly*, 2 *W. W. Harr.* (32 *Del.*) 443, 125 *A.* 421; *State v. Donovan*, 5 *Boyce* (28 *Del.*) 40, 90 *A.* 220; *State v. Fahey*, 2 *W. W. Harr.* (32 *Del.*) 504, 126 *A.* 730; *State v. Foote*, 5 *W. W. Harr.* (35 *Del.*) 514, 168 *A.* 245.

The same reasoning applies to amendments, and a valid act will not be construed to have been impliedly amended unless the terms of the later statute are so repugnant to the former that they cannot stand together and be operative at the same time. A test laid down in *Starbird v. Brown*, 84 *Me.* 238, 24 *A.* 824, is, "Can the new law and the old law be each efficacious in its own sphere?" *Nelson v. Nelson*, 72 *Colo.* 20, 209 *P.* 810; *Morrison v. State*, 181

*Ind.* 544, 105 *N. E.* 113; *State v. Board of County Com'rs of Cascade County,* 89 *Mont.* 37, 296 *P.* 1; *People v. Bromwich,* 200 *N. Y.* 385, 93 *N. E.* 933; *State v. Cresswell,* 117 *Miss.* 795, 78 *So.* 770; *State v. Wayne County Court,* 90 *W. Va.* 105, 110 *S. E.* 482; *People v. Illinois Cent. R. Co.,* 314 *Ill.* 339, 145 *N. E.* 719.

■ We are of the opinion that there is no repugnancy between the two quoted statutes. They neither purport nor pretend to cover the same subject matter. The one declares what corporations shall be subject to the attachment laws and be liable to be summoned as garnishee: the other declares what property may be made liable for income tax. The one relates to the capacity of the garnishee and the other, to the subject matter of the garnishment. Each may be entirely efficacious in its own sphere, regardless of the other. In *Sterling v. Tantum, supra,* the Court distinguished between the personality of the garnishee and its liability to answer as such, on the one hand, and the property or subject of the garnishment, on the other. The Court held the trust funds there involved were in such a course of settlement as to be liable to attachment but that the law did not provide for the summoning of a bank as garnishee.

An old Delaware case, *Holland v. Leslie* (1837), 2 *Harr.* 306, had held that a corporation, in the absence of statute, could not be summoned as garnishee. So, the law remained until 1871 when the first *Statute (Volume* 14, *Chapter* 90) was passed, subjecting corporations to the attachment laws of the State. This Statute, with its subsequent amendments, constitutes the existing law, quoted in the statement of facts. Garnishment, of course, is but one phase of the attachment laws.

Generally speaking, at common law all tangible property of a defendant which might contribute to the satisfac-

tion of a judgment was subject to execution. Subsequently, certain statutory exemptions from execution were created, which differ in character and amount in the several Counties of this State.

The present plaintiff relies upon the words of the *Income Tax Law of 1929*—"No property * * * of any taxable shall be exempt from execution or attachment process issued upon or for the collection of any such judgment." This is no new provision in the law but appeared in exactly the same form in the first *Income Tax law of 1917* (*Volume 29, Laws of Delaware, p.* 63, *c.* 26). This, we think, is a legislative statement that the exemptions from execution which had been provided by law should not apply to income tax assessments. This was in harmony with the law which prevailed prior to any income tax provision. When certain exemptions from execution were enacted in 1873 by *Chapter* 562, *Volume* 14, *Laws of Delaware*, it was provided that nothing therein should be construed "as exempting any personal property from taxation, or sale for taxes, under the laws of this State." *Section* 8. This provision is now found as *Section* 4328 of the *Revised Code of* 1915.

Entirely irrespective of the liability of property to execution or exemptions therefrom, there have been a number of instances where the Courts have held that certain persons were not liable to be summoned as garnishees. These cases may generally be divided into three classes—

(1) Where the garnishee held the property in a fiduciary capacity prior to settlement or division and an attachment would create an unwarranted priority or unduly interfere with public duties. *Fitchett v. Dolbee,* 3 *Harr.* 267; *Lyons' Adm'r's Garnishees v. Houston's Ex'x,* 2 *Harr.* 349; *Jaquett's Adm'r v. Palmer,* 2 *Harr.* 144; *In re Truxton,* 2 *Marv.* 373, 43 *A.* 257.

(2) Where the garnishee was a State officer or municipal agent. *Farmers' Bank v. Ball,* 2 *Penn.* 374, 46 *A.* 751; *Rossell v. Bartram,* 1 *Penn.* 242, 40 *A.* 242.

(3) Where the law itself created the exemption from garnishment. *Sterling v. Tantum,* 5 *Boyce* (28 *Del.*) 409, 94 *A.* 176.

If the contention of the plaintiff be correct, then it must operate as a *pro tanto* reversal of all these authorities, for the exemption would not then be an exemption from garnishment as such; but if a liability exist in case of income tax, then the exemption from garnishment would depend upon the nature of the claim sought to be attached and not to the nature of the garnishee. We see no intent in the *Income Tax law* to change the general law as to garnishment. The judgment obtained upon the tax assessment was expressly said to " * * * be and constitute a judgment of Record in said Court, with like force and effect as any other judgment in said Court," and the taxing authorities are instructed to use in the collection "the most expeditious means provided by law." There is here no shown intention to change the law.

The case of *Sterling v. Tantum,* determining that a bank was not liable to attachment or garnishment, was decided in 1915. Since then there have been many sessions of the Legislature and much legislation concerning income tax matters. Generally Courts assume that a Legislature acting upon a given matter did so with knowledge of former legislation and of judicial decisions construing it. 59 *C. J.* 1009. This is for the reason that Courts presume that the Legislature acts advisedly and with a full knowledge of the situation. *Chesapeake & Potomac Tel. Co. v. Manning,* 186 *U. S.* 238-245, 22 *S. Ct.* 881, 46 *L. Ed.* 1144. So, when the Legislature in the present case provided for attachment in

aid of the collection of income taxes, it knew both of the statutory provisions exempting a bank from garnishment and of the judicial decisions construing such Statute.

A holding by this Court that the *Income Tax law* operated as an implied amendment to the attachment laws respecting corporations would be an act of judicial legislation which we are unwilling to adopt. We prefer to leave any desirable changes to that branch of the State government to which they are committed by the Constitution.

The attachment must be dissolved.