PROVIDENT TRUST COMPANY, formerly known as Provident Savings & Loan Association, a corporation existing under the laws of the State of Delaware, and CITIZENS BUILDING CORPORATION, formerly known as Citizens Savings Bank, Inc., a corporation of the State of Delaware,

*vs.*

ADELAIDE A. BANKS and WILMINGTON TRUST COMPANY, a corporation of the State of Delaware, Trustee under a trust created by Adelaide A. Banks.

*New Castle, Nov. 22, 1939.*

*William Poole* and *Thomas Herlihy, Jr.*, for complainants.

*William H. Foulk* and *William S. Satterthwaite*, of the firm of Satterthwaite & Foulk, for defendant Adelaide A. Banks, demurrant.

THE CHANCELLOR: The complainants have filed a bill for an equitable execution, and the case is before this court on a demurrer thereto.

It appears from the allegations of the bill that Adelaide A. Banks, one of the defendants in this action, is a defendant in two several judgments, of record in the Superior Court for New Castle County, entered on bonds given to secure notes, neither of which judgments has been paid. J. Laurence Banks, her husband, was, also, a defendant in both of these judgments, but died in December of 1934. William I. Stewart and Gertrude M. Stewart were likewise co-defendants in one of them. J. Laurence Banks had no property, whatever, at the time of his death, but Adelaide A. Banks was the sole beneficiary in an insurance policy on his life, and, after his death, the amount represented by that policy was duly paid to her. She subsequently deposited that money to her individual account in the Wilmington Trust Company, a banking institution in the City of Wilmington, having trust powers, and the other defendant in this action. On November 18th, 1935, Mrs. Banks entered into a trust agreement with the Wilmington Trust Company,

and transferred the insurance money in question to that institution, as trustee. Under the terms of the trust agreement, the income on that fund was to be paid to her during her lifetime, and, at her death, the principal sum and any undistributable income thereon was to be paid to her living issue. Prior to the November Term of the Superior Court for New Castle County executions were issued on both of the above judgments to the Sheriff of that county, but were returned *"nulla bona."*

The bill, also, alleges that the complainants have no knowledge of any other property in the State of Delaware belonging to the said Adelaide A. Banks, or to William I. Stewart or Gertrude M. Stewart, the other defendants in one of the unpaid judgments, and that they, therefore, have no adequate remedy at law.

In support of her demurrer, Mrs. Banks, among other things, points out that the bill does not allege that the transfer of the insurance money to the Wilmington Trust Company, as trustee, was for the fraudulent purpose of defeating the rights of her creditors. That is true, but while fraud is a well recognized ground of equitable jurisdiction, and the fraudulent disposition of property may, therefore, be the basis of a bill for an equitable execution, when there is no adequate remedy at law (*Newell, et al., v. Morgan, et al.,* 2 *Har.* 225), that is not the only ground on which such a bill may be based. 4 *Pom. Eq. Jur.,* (*4th Ed.*) § 1415; 5 *Pom. Eq. Jur.* (*4th Ed.*) § 2294 (§ 871); *Donovan v. Finn,* 1 *Hopk. Ch.* (*N. Y.*) 59, 14 *Am. Dec.* 531; *Erdwin v. Oldham,* 6 *Yerg.* (*Tenn.*) 185, 27 *Am. Dec.* 458.

A judgment at law and an unsatisfied execution thereon are usually essential in order for it to appear that there is no adequate remedy in that court. *Newell, et al., v. Morgan, et al.,* 2 *Har.* 225; 4 *Pom. Eq. Jur.* (*4th Ed.*) § 1415; 5 *Pom. Eq. Jur.,* § 2295 (872). The allegations of the bill recognize this rule.

A creditors' bill will, also, frequently lie where other well recognized grounds of equitable jurisdiction appear, and there is no adequate remedy at law. 5 *Pom. Eq. Jur.*, (*4th Ed.*) § 2300 (§ 877) ; 14 *Amer. Jur.* 679; *Donovan v. Finn*, 1 *Hopk. Ch.* (*N. Y.*) 59, 14 *Am. Dec.* 531; see, also, *Newell, et al., v. Morgan, et al.*, 2 *Har.* 225. The latter case involved the seizure of a resulting trust in certain real estate, the title to which was taken in the name of Morgan's children, but which was paid for by the transfer of certain personal property belonging to him, and at the expense of his creditors. To what extent such a bill will ordinarily lie for the seizure of an equitable interest in property, held on a general express trust, need not be considered, but a recent statutory provision is important. § 4415, *Rev. Code* 1935.

Whatever the rule, with respect to spendthrift trusts may be, it has been said that even when fraud is not alleged the equitable interest of a person who creates a trust for her own benefit is usually subject to seizure by a creditors' bill; and that any other rule would be contrary to public policy. 1 *Scott on Trusts*, §§ 156, 156.1; 5 *Pom. Eq. Jur.*, (*4th Ed.*) § 2302. See, also, *Bryan v. Knickerbocker*, 1 *Barb. Ch.* (*N. Y.*) 409; *Brown v. Macgill & McElvoy, Trustee*, 87 *Md.* 161, 39 *A.* 613, 39 *L. R. A.* 806, 67 *Am. St. Rep.* 334. Conceding, though not definitely deciding that question, it does not dispose of this case.

By a creditors' bill, the creditor seeks to satisfy his judgment out of the equitable assets of the debtor, which cannot be reached on execution process. 5 *Pom. Eq. Jur.*, (*4th Ed.*) § 2308 (§ 885). Such a bill is, therefore, in the nature of an equitable execution or proceeding *in rem* rather than *in personam*. 15 *C. J.* 1382; *Pierce v. United States*, 255 *U. S.* 398, 41 *S. Ct.* 365, 65 *L. Ed.* 697.

It is an elementary rule that property, which is exempt from levy and sale under legal process, either by general exemption statutes, or because of a clearly defined public

policy, cannot be reached by a creditors' bill. 14 *Amer. Jur.*, 703; 1 *Scott on Trusts*, § 149, 5 *Pom. Eq. Jur.*, (*4th Ed.*) § 2304 (§ 881).

Section 4608 of the *Revised Code of* 1935, in part, provides:

"All corporations doing business in this State, except banks, savings institutions and loan associations, are subject to the operation of the attachment laws of the State of Delaware, as provided in case of individuals; * * *"

It is necessarily conceded that, by reason of the provisions of this statute, a banking institution, whether acting as trustee, or otherwise, is not subject to the attachment laws of this State, and money or other property in its custody and control is, therefore, exempt from seizure in that proceeding in the law courts. *State ex rel. DuPont v. Bradford*, 7 *W. W. Harr.* (37 *Del.*) 289, 183 *A.* 316; *Sterling v. Tantum*, 5 *Boyce* (28 *Del.*) 409, 94 *A.* 176. That statute defines the policy of this State toward such institutions, and the same rule, therefore, applies to a creditors' bill filed in this court, in which a banking institution, acting as trustee, is a party defendant. The complainants' bill, therefore, fails to state a cause of action.

*Pendleton v. Perkins & City of St. Louis*, 49 *Mo.* 565, may be inconsistent with this conclusion, but, in view of the language and apparent purpose of our statute, I am unable to follow that case.

The demurrer is sustained, and an order will be entered in accordance with this opinion.