**BANK OF DELAWARE, a Delaware Corporation, Garnishee of Vorheese Boyce, Plaintiff-in-Error,**

v.

**WILMINGTON HOUSING AUTHORITY, Defendant-in-Error.**

Superior Court of Delaware, New Castle.

Submitted Jan. 22, 1976.

Decided Feb. 5, 1976.

Eduard F. von Wettberg, III, and Morris L. Stoltz, II, of Morris, James, Hitchens & Williams, Wilmington, for Bank of Delaware.

Jerome O. Herlihy, of Herlihy & Herlihy, Wilmington, for Wilmington Housing Authority.

TAYLOR, Judge.

Certiorari has been filed in this Court to review the decision of Justice of the Peace Court No. 13, denying the motion of the Bank of Delaware [Bank] to quash a writ of attachment which undertook to garnishee wages due an employee of the Bank. The writ sought to garnishee "goods, chattels, rights, credits, money or effects" due from the Bank to the judgment debtor, Vorheese Boyce. The thrust of the controversy here is whether wages of an employee of a bank can be attached. It appears that in the area of law under discussion here, no distinction is made between execution attachment and garnishment. Therefore, those words are used without distinction in this opinion.

The Bank relies on 10 Del.C. § 3502 which, inter alia, makes all corporations "except banks, savings institutions and loan associations, . . . subject to the operations of the attachment laws of this State, as provided in case of individuals." It appears that absent the forerunner of this statutory provision, corporations in this state were not subject to garnishment. *Holland & Co. v. Leslie & White*, Del. Super., 2 Har. 306 (1837); *National Bank v. Furtick*, Del.Err. & App., 2 Marv. 35, 42 A. 479 (1897); 2 *Woolley on Delaware Practice* § 1167, p. 805.[1]

The statutory provision subjecting corporations, except banks, etc., to attachment process and garnishment was adopted in 1871 by 14 Del.Laws, Ch. 90 embodying language almost the same as 10 Del.C. § 3502.

Thus, garnishment against a corporation must be founded upon statutory authorization. As noted above, the statute has excluded banks from the general authorization. Various attempts have been made to narrow the effect of the so-called exemption in which it was contended that a particular function or relationship did not fall within the exemption. Thus, in *Sterling v. Tantum*, Del.Super., 5 Boyce 409, 94 A. 176 (1915), where the issue was whether a trust company upon which full banking powers had been conferred was subject to garnishment with respect to monies held in its trust or other department which was operated separately from the banking business, this Court, in an opinion concurred in by all members of the Court, held that the garnishment was not binding because it was against a bank. The susceptibility of a bank, serving as trustee, to attachment (garnishment) for delinquent income taxes was considered again by this Court (three judges sitting) in *State ex rel. duPont v. Bradford*, Del. Super., 7 W.W.Harr. 289, 183 A. 316 (1936). In *Bradford*, Judge Rodney, speaking for the Court, reviewed the applicable common law and statutes and concluded that the attachment would not lie against the bank even though the trust beneficiary might be liable, and despite the general Income Tax Law which authorized

[1]. Recognition of this principle with respect to foreign attachment is found in *Vogle v. New Granada Canal Co.*, Del.Super., 1 Houst. 294 (1856); *Nat. Bank v. Furtick*, supra.

collection by attachment. The holding of *Bradford* was that the exclusion of banks from garnishment is dependent upon the garnishee being a bank and that the exclusion is not based upon the nature of the claim. The Court distinguished between "the personality of the garnishee and its liability to answer as such, on the one hand, and the property or subject of the garnishment, on the other" and held that the exemption is based upon the former without regard to the latter.

Faced with the decisions of this Court in *Sterling* and *Bradford* that garnishment will not lie against a bank, *Provident Trust Co. v. Banks*, Del.Ch., 24 Del.Ch. 254, 9 A.2d 260 (1939) considered whether an equitable execution by way of a creditors' bill could be effective against a bank. As in the cases in this Court, the funds sought to be applied to the creditors' claim were held by the bank as trustee for the debtor. Citing *Bradford* and *Sterling*, the Chancellor held that the statute gave the bank the same protection from a creditors' bill as it did in the case of garnishment.

It is true, as defendant contends, that in the three Delaware decisions the status of the bank was that of trustee and that there is no decision on the susceptibility of a bank to garnishment based upon its relationship to its employees. However, those decisions do not turn on the nature of the rights sought to be reached or the relationship of the bank to the party whose rights are sought to be reached.

■■■ Defendant contends that it is the relationship of the institution to the funds sought to be attached which governs the exemption and that the protection intended by the statute is protection of deposits. Thus, according to this contention, the decisions cited above simply recognized that no distinction should be made between funds held in a depositor's account and funds held in a trust account. These, it is contended, relate to the function of banking. Defendant asserts that on the other hand, as an employer, the bank is no different from any other employer, and, hence, should not be entitled to the protection of the statute. Without referring to the historic background or the wording of the statute, as a policy consideration this argument has merit. There is no doubt that a statute might be drawn to exempt bank deposits or trust accounts. Compare 10 Del.C. §§ 4902–13. However, the statutory language does not purport to deal with particular property or a particular corporate function. Rather, it exempts a particular type of corporation, which is the subject of separate statutory regulation, namely, banks. Many years ago—and at a point in time much closer to adoption of the statute—this Court concluded that the legislative intent of the statute was not merely to exempt deposits and held that the corporate entity which qualified as a bank is exempt from garnishment. *Sterling v. Tantum*, supra. Nothing has been presented relating to the adoption of the statute which would lead the Court now to find a different legislative intent than that found in *Sterling*. Clearly, the holding of *Sterling* is consistent with the language of the statute. I conclude that the law is that garnishment is not authorized against banks. As Judge Rodney observed in *Bradford*, if this policy is to be changed, the change must occur through legislative action.

The order of Justice of the Peace Court No. 13 denying Bank's motion to quash the attachment is reversed.

It is so ordered.