**Richard H. SHAW, Plaintiff–Appellee,**

v.

**Ruth T. BAESEMANN,
Defendant–Appellant.**

**No. 87CA1010.**

Colorado Court of Appeals,
Div. IV.

Dec. 29, 1988.

Rehearing Denied Jan. 26, 1989.

Certiorari Denied May 1, 1989.

Silverman and Gelman, P.C., Eldon E. Silverman, Glenn Crow, Denver, for plaintiff-appellee.

Robert W. Caddes, Denver, for defendant-appellant.

FISCHBACH, Judge.

Defendant, Ruth T. Baesemann, appeals the judgment for removal of a fence and payment of attorney fees to plaintiff, Richard H. Shaw. We reverse the award of fees and otherwise affirm the judgment.

### I.

■ Defendant asserts several errors in the trial court's conclusion based upon a prior quiet title decree that plaintiff has an "easement and right-of-way for use for the east 15 feet of lot 7, block 8, town of Georgetown ... for whatever reasonable use he wishes to place it to." Defendant contends in essence that the various deeds in the chain of title do not create an unrestricted easement, but only a license for a specific purpose; that the license was abandoned; and that the prior quiet title decree does not control. We find no merit in those arguments.

The quiet title decree conclusively determined the easement and the parties' rights. *See Stuart v. Colorado Eastern R.R. Co.,* 61 Colo. 58, 156 P. 152 (1916). The trial court's determination here is consistent with that decree and applicable law concerning abandonment. *See Gjovig v. Spino,* 701 P.2d 1267 (Colo.App.1985); *Westland Nursing Home, Inc. v. Benson,* 33 Colo. App. 245, 517 P.2d 862 (1974). The findings and conclusions as to interference and definite description are also fully supported and will not be disturbed on review. *Page v. Clark,* 197 Colo. 306, 592 P.2d 792 (1979).

### II.

The trial court specifically found that Baesemann's defense was not frivolous or groundless, but nevertheless awarded Shaw attorney fees on the ground that "an examination of the title work, had the defendant done that before she commenced to build the fence, competent counsel would have told her not to do so." Although it did not so specify, by its award the trial court appears to have granted attorney fees to Shaw pursuant to § 13–17–102(1), C.R.S. (1987 Repl.Vol. 6A). Baesemann contends that that subsection does not authorize a discretionary award of attorney fees in the absence of a finding of lack of substantial justification. We agree.

Section 13–17–102(1), C.R.S. (1987 Repl. Vol. 6A) provides:

"Subject to the provisions of this section, in any civil action of any nature commenced or appealed in any court of record in this state, the court may award, except as this article otherwise provides, as part of its judgment and in addition to any costs otherwise assessed, reasonable attorney fees."

Section 13–17–102(2), C.R.S. (1987 Repl. Vol. 6A) provides:

"Subject to the limitations set forth elsewhere in this article, in any civil action of any nature commenced or appealed in any court of record in this state, the court shall award, by way of judgment or separate order, reasonable attorney fees against any attorney or party who has brought or defended a civil action, either in whole or in part, that the court determines lacked substantial justification."

Section 13–17–102(4), C.R.S. (1987 Repl. Vol. 6A) in turn defines "lacked substantial justification" as "substantially frivolous, substantially groundless or substantially vexatious."

Shaw successfully argued to the trial court that, insofar as § 13–17–102(1) in its current version does not contain language restricting an award of fees to frivolous, groundless, or vexatious actions, it should be interpreted as a grant of authority to award attorney fees in any civil action, unless otherwise specifically excepted, within the discretion of the court. We do not agree.

■ When a statute is susceptible to more than one interpretation, it must be construed in light of its apparent legislative intent and purpose. *Engelbrecht v. Hartford Accident & Indemnity Co.,* 680 P.2d 231 (Colo.1984). In determining legislative intent, guidance may be found in the stat-

ute's title, *Martinez v. Continental Enterprises*, 730 P.2d 308 (Colo.1986), in its stated declaration of purpose, *In re Interrogatories of U.S. District Court*, 686 P.2d 790 (Colo.1984), in the problem addressed by the legislation, and in the statutory remedy formulated to cure the problem. *Schubert v. People*, 698 P.2d 788 (Colo.1985). It is also necessary to construe the various provisions of a statute to harmonize with one another, *Board of County Commissioners v. E.J. Rippy & Sons*, 161 Colo. 261, 421 P.2d 461 (1966).

■ Applying these principles of statutory construction here, we conclude that, for several reasons, § 13–17–102(1) does not authorize an award of attorney fees in the absence of a finding that a claim, defense, or a part thereof was substantially frivolous, substantially groundless, or substantially vexatious.

Both the title and purpose of the statute evince an intent to apply it only to frivolous, groundless, or vexatious actions. The title of § 13–17–101, et seq., C.R.S. (1987 Repl.Vol. 6A) uses exactly these words. The purpose of those statutory sections, Part 1 of the article, is articulated in § 13–17–101 as follows:

"The general assembly recognizes that courts of record of this state have become increasingly burdened with litigation which is straining the judicial system and interfering with the effective administration of civil justice. In response to this problem, the general assembly hereby sets forth provisions for the recovery of attorney fees in courts of record when the bringing or defense of an action, or part thereof (including any claim for exemplary damages), is determined to have been substantially frivolous, substantially groundless, or substantially vexatious. All courts shall liberally construe the provisions of this article to effectuate substantial justice and comply with the intent set forth in this section."

The purpose of discouraging the filing of frivolous and groundless suits by assessing attorney fees against the culpable party had been addressed by the statute's predecessor, Colo.Sess.Laws 1977, ch. 189, § 13–16–121, § 13–17–101, et seq., at 796. The prior act was not interpreted to allow an award of fees without a finding that an action or defense was frivolous or groundless. *See, e.g., Western United Realty, Inc. v. Isaacs*, 679 P.2d 1063 (Colo.1984).

Any legislative intent to change the meaning of the statute will not be inferred unless the intent is "clearly and indubitably manifested." *Davis v. Conour*, 178 Colo. 376, 497 P.2d 1015 (1972); *see Ruth v. Eagle–Picher*, 225 F.2d 572 (10th Cir.1955); *Nelson v. Nelson*, 72 Colo. 20, 209 P. 810 (1922).

The 1984 legislative enactment creating the present statute, by clear language, made three significant changes in the preceding version: (1) it expanded the application of the statute, previously limited to suits for money damages, to all civil actions (except these expressly excepted therein); (2) it allowed an assessment of fees against an attorney as well as, or instead of, a party; and (3) it replaced the court's discretion to award fees when an action or defense was frivolous or groundless, with a mandate, subject to the other provisions of the act, that fees be awarded when an action or defense is substantially frivolous, groundless, or vexatious. Had the General Assembly intended the even greater change advocated by Shaw, allowing an award of fees regardless of the merit of the losing party's claim or defense, it could have manifested such intent with equal clarity. *See Lewis v. Annie Creek Mining Co.*, 74 S.D. 26, 48 N.W.2d 815 (1951).

In addition, Shaw's construction of § 13–17–102(1) must be rejected because it renders certain of the statute's subsequent provisions inharmonious. *See J.S. Dillon & Sons Stores Co. v. Carrington*, 169 Colo. 242, 455 P.2d 201 (1969); *Dye Construction Co. v. Dolan*, 41 Colo.App. 293, 589 P.2d 497 (1978). Section 13–17–102(3), C.R.S. (1987 Repl.Vol. 6A) requires the court to allocate payment among "the *offending* attorney and parties" (emphasis added), not merely among those on the losing side. Section 13–17–102(7), C.R.S. (1987 Repl.Vol. 6A) specifies that no attor-

ney or party may be assessed fees as to any claim or defense brought in a good faith attempt to establish a new theory of law. It is not logical to allow an award of fees against an attorney or party relying in good faith upon established law and to deny one against the adventurer.

Also, § 13–17–201, C.R.S. (1987 Repl.Vol. 6B), Part 2 of the article, is entitled "Attorney Fees in Civil Actions in General" and provides for an award of attorney fees without a specific finding of no substantial merit for tort cases dismissed on certain pretrial motions. If § 13–17–102(1) were intended to give the trial court discretion to award fees in all civil cases, then § 13–17–201 would be both mistitled and misplaced in the article.

Here, the illogic of Shaw's proffered interpretation is underscored by the fact that the trial court awarded fees, not for what occurred within the context of the lawsuit, but for what occurred long before the lawsuit had begun. The court, in effect, awarded attorney fees against a *party* for following what the trial court considered to be bad legal advice. This, in our view, is not what the General Assembly intended.

Therefore, although we agree with Shaw that, if awards of attorney fees are limited to those claims or defenses lacking substantial justification, then § 13–17–102(1) appears redundant, we nevertheless decline to interpret that subsection as authorizing an award of attorney fees in all civil actions.

In light of the unequivocal purpose of the statute, as stated in § 13–17–101, and the overall tenor of the article at issue, we conclude that the General Assembly did not intend to abandon by inference the long-standing American rule forbidding an award of attorney fees except when provided by statute for specific situations or by agreement of the parties. We note that only one state, Alaska, has done so. Alaska R.C.P. 82. Absent explicit legislative mandate, we will not through judicial interpretation produce a "quiet revolution" in settled principles of civil litigation. *See Jones v. Aurora,* 772 P.2d 645 (Colo.App. 1988).

In consideration of the results herein, we decline to award attorney fees on appeal.

The judgment is affirmed in all respects except as to the award of attorney fees. That portion of the judgment is reversed and the cause is remanded with directions to vacate the award thereof.

JUDGMENT AFFIRMED IN PART, REVERSED IN PART, AND CAUSE REMANDED WITH DIRECTIONS.

METZGER and NEY, JJ., concur.