## No. 25537

**Josephine E. Davis, Roy McConnell, Jr. and Frances McConnell v. Honorable Richard E. Conour, Water Judge in and for Water Division No. 3 of the State of Colorado, and Wayne Crosby, Division Engineer of Water Division No. 3, State of Colorado**

(497 P.2d 1015)

Decided June 5, 1972.

George W. Woodard, for petitioner Josephine E. Davis.

Richard L. Bloss, Jr., for petitioners Roy McConnell, Jr. and Frances McConnell.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, James D. Geissinger, Special Assistant for respondents.

Fairfield and Woods, Charles J. Beise, for amicus curiae Southeastern Colorado Conservancy District.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

 This is an original proceeding under C.A.R. 21 in which we issued a rule for the water judge of Water Division No. 3 of the State to show cause. The question involved is whether the water judges of the State had jurisdiction to adjudicate the priority of small water wells under 1969 Perm. Supp., C.R.S. 1963, 148-21-45 prior to its amendment in 1972. In a carefully worded opinion, which obviously was the product of comprehensive study, the water judge concluded that he did not have such jurisdiction. He therefore dismissed the applications under which such adjudication was sought. We interpret the statute to permit such adjudication, and make the rule absolute.

In 1967, the General Assembly added the following provision to our water rights statutes:

"Appropriators of water from wells may, but shall not be required to adjudicate their rights in adjudication proceedings now pending or hereafter initiated under article 9 of chapter 148, C.R.S. 1963. The priority date of a ground water appropriation shall not be postponed to a time later than its true date of initiation by reason of failure to adjudicate such right in any such adjudication proceeding." 1967 Perm. Supp. C.R.S. 1963, 148-2-11.

In 1969 the General Assembly adopted an entirely new water code, being the Water Right Determination and Administration Act of 1969. 1969 Perm. Supp., C.R.S. 1963, 148-21-1 *et seq.* The 1969 Act repealed the quoted provision of the 1967 Act, as well as the bulk of the existing water adjudication statutes. The 1969 Act contained the following provision:

"Exemptions. — The provisions of this article, except for

sections 148-21-8 and 148-21-9, shall not be applicable to designated ground-water basins as defined and established by article 18 of this chapter, as amended; nor to wells used solely for stock watering, domestic, or other purposes, as defined in section 148-18-4, as amended." 1969 Perm. Supp., C.R.S. 1963, 148-21-45.

Section 148-18-4, part of the Colorado Ground Water Management Act, at the time of adoption of the 1969 Act, provided:

"Wells used for ordinary household purposes, fire protection, the watering of poultry, domestic animals, and livestock on farms and ranches, and the irrigation of home gardens and lawns, not exceeding fifty gallons per minute, shall be exempt from the provisions of this article, unless otherwise specifically stated." 1967 Perm. Supp., C.R.S. 1963, 148-18-4.

Sections 148-18-4 and 148-21-45 were amended in 1971 in respects not requiring mention here.

After the court entered its order of dismissal and after we granted the rule to show cause, the General Assembly amended 1969 Perm. Supp., C.R.S. 1963, 148-21-45 by House Bill No. 1042, effective May 8, 1972. Without any time limitation, the amendment grants to a well owner the permissive right to have the well's priority adjudicated. It is true that the petitioners and others similarly situated can now proceed under the amendment to have their wells adjudicated. However, we do not treat the question involved under the statute prior to amendment as moot. Since these applications were filed prior to the 1972 amendment, we can and do hold that the petitioners are entitled to court action under these applications. A more impelling reason for our view here is that, as pointed out in the *amicus* brief, hundreds of owners of small wells have already obtained adjudications thereof. The validity of these many proceedings, as raised by the order of dismissal here under review, should be determined.

The water judge concluded that Section 148-21-45 excluded small wells from adjudication. The statutory provi-

sions relating to designated ground water basin were established by the 1965 Perm. Supp., C.R.S. 1963, 148-18-1 *et seq.* The provisions of that article are such that designated ground water basins would necessarily have to be excluded from the provisions of article 21 as adopted four years later. From the fact that the 1965 Act remained and ground water basins were excluded, it does not follow that the General Assembly excluded small wells from adjudication when it adopted Section 45. We, therefore, consider Section 45 as if it read as follows:

Exemptions. — The provisions of this article shall not be applicable to wells as defined in Section 148-18-4.

In our view, the legislative intent in Section 45 was to make the adjudication of small wells permissive and not to prohibit such adjudication. We reach this conclusion for a number of reasons, any one of which might not cause us to reverse the water judge, but the combination of which persuades us to do so. These reasons follow.

First, it simply does not make sense for a well owner to be deprived of the right to have his priority adjudicated. Our Colorado Constitution provides that "[p]riority of appropriation shall give the better right as between those using the water for the same purpose. . . ." art. XVI, § 6. When a well has been in existence for five, ten or twenty years, there is seldom much of a problem in establishing its priority date of appropriation. When, however, that well has been in existence for 100 or 200 years, the problem of establishing the priority date of appropriation becomes difficult, if not impossible. While the wells are small, they are usually of great importance to their owners. The only true and correct way for a person to have a record of his priority date, if he so desires, is to have that date decreed by a court of competent jurisdiction.

Second, the purposes set forth in the 1969 Act are consistent with the adjudication of well priorities and inconsistent with a prohibition thereof.

"(1) It is hereby declared to be the policy of the state of Colorado that all waters originating in or flowing into this

state, whether found on the surface or underground, have always been and are hereby declared to be the property of the public, dedicated to the use of the people of the state, subject to appropriation and use in accordance with law. As incident thereto, it shall be the policy of this state to integrate the appropriation, use and administration of underground water tributary to a stream with the use of surface water, in such a way as to maximize the beneficial use of all of the waters of this state.

"(2) (a) Recognizing that previous and existing laws have given inadequate attention to the development and use of underground waters of the state, that the use of underground waters as an independent source or in conjunction with surface waters is necessary to the present and future welfare of the state depends upon a sound and flexible integrated use of all waters of the state, it is hereby declared to be the further policy of the state of Colorado that in the determination of water rights, uses and administration of water the following principles shall apply:

"(b) Water rights and uses heretofore vested in any person by virtue of previous or existing laws, including an appropriation from a well, shall be protected subject to the provisions of this article.

"(c) The existing use of ground water, either independently or in conjunction with surface rights, shall be recognized to the fullest extent possible, subject to the preservation of other existing vested rights, but at his own point of diversion on a natural watercourse, each diverter must establish some reasonable means of effectuating his diversion." 1969 Perm. Supp., C.R.S. 1963, 148-21-2.

"(3) 'Waters of the state' means all surface and underground water in or tributary to all natural streams within the state of Colorado, except [designated ground water]." 1969 Perm. Supp., C.R.S. 1963, 148-21-3(3).

For cases using a declaration of intent or policy as an aid to construction, *see Houston v. Symington Corp.,* 149 Colo. 332, 369 P.2d 424 (1962); and *St. Luke's Hospital v. Industrial Comm.,* 142 Colo. 28, 349 P.2d 995 (1960).

Third, the water judge in his judgment of dismissal mentioned that other water judges in this state have the opinion that small wells can be adjudicated under the 1969 Act prior to the 1972 amendment and have presided over such adjudications. The order further states that the State Engineer has urged owners of wells to adjudicate them. As this court stated in *Schlagel v. Hoelskin,* 162 Colo. 142, 425 P.2d 39 (1967) and in *Bowman v. Eldher,* 149 Colo. 551, 369 P.2d 977 (1962), in interpreting a statute one should look to the contemporaneous construction of the Act by public officials charged with its administration. While this interpretation by public officials has not been continued as long as was the case in the two cited decisions, it is nevertheless significant.

■ Fourth, there is an inconsistency and ambiguity in Section 45 of the 1969 Act by reason of the use of the title "Exemptions," and the use in the text of the term "shall not be applicable." The Water Judge was of the view, with which we agree, that, if the section created an exemption, small wells would be entitled to be adjudicated under the Act. He held, however, that the term "shall not be applicable" governs over the term "Exemptions." In the light of the ambiguity and of the express legislative intent that underground water be fully integrated with other surface waters, we have concluded that the title to the section should be and is controlling. *See Cline v. Knight,* 111 Colo. 8, 137 P.2d 680 (1943).

■ As already indicated, the 1967 statute, which was in existence at the time of adoption of the 1969 Act, authorized the adjudication of small wells as a permissive matter. 1967 Perm. Supp., C.R.S. 1963, 148-2-11. Lastly, we apply the rule that a legislative intent to change the meaning of statutes in the course of a general revision will not be inferred unless this intent is clearly and indubitably manifested. *Ruth v. Eagle Picher Company,* 225 F.2d 572 (1955).

The rule is made absolute and the respondent judge is directed to vacate his orders of dismissal and to proceed with adjudication under the applications of the petitioners.