J. Richard Barnes, C.L.U. Division of Insurance Department of Regulatory Agencies 201 East Colfax, Room 106 Denver, Colorado 80203
Dear Mr. Barnes:
This is in response to your letter of August 10, 1979, posing six questions regarding the power of the insurance board to review rules and regulations adopted by the commissioner of insurance.
The insurance board was established in 1978 by H.B. 1179 (1978 Sess. L. ch. 47) and your questions call for an interpretation of that act. Two principles of statutory construction are particularly relevant to your inquiry. The first principle is that a determination of the legislative intent is basic to any question of statutory interpretation. ColoradoState Board of Medical Examiners v. Jorgensen, No. 28353 (Colo. Aug. 20, 1979). The second important rule, that a statute must be construed as a whole, was expressed by the Colorado Supreme Court in People's Bank v. BankingBoard, 164 Colo. 564, 568, 436 P.2d 681, 683 (1968):
 It is a basic doctrine of statutory construction that every law is adopted as a whole, and a clause which standing alone gathers to it one meaning, or a meaning of doubtful import, may be defined as to its real meaning or may be made plain by a comparison with other portions of the same law.
A review of the powers given by the legislature to the insurance board in H.B. 1179 indicates a legislative intent to make the insurance commissioner accountable to the newly created board. The powers are listed in C.R.S. 1973, 10-1-103.2 and subpart (1)(c), for example, provides that the board must concur in any rate decision or order made by the commissioner before it becomes effective. With regard to the rules and regulations adopted by the commissioner, two subparts of C.R.S. 1973, 10-1-103.2 are relevant. The first, subpart (1)(b) provides that the board shall:
 (b) Review, confer with the commissioner about, and make recommendations for modifications to any order, rule, or ruling of the commissioner concerning the business of insurance and the laws administered by the division of insurance. Such modifications shall become effective after forty-five days' notice thereof has been given to the commissioner.
The second provision applicable to rules and regulations is subpart (2), which states:
 (2) The board may, on petition of any interested person and after hearing, issue a declaratory order with respect to any matter not prohibited by subsection (3) of this section, including but not limited to the application of any provision of the laws administered by the division of insurance or of any rule issued by the commissioner. The order shall bind all parties to the proceeding unless it is modified or reversed by a court. The refusal to issue a declaratory order shall not be reviewable. At the next regular meeting of the board after such hearing, the board shall render a written decision as to such matters, which shall be final and conclusive, subject to rights of judicial review otherwise provided by law.
QUESTIONS PRESENTED AND CONCLUSIONS
1. Does the Board under the law have the authority to order the repeal of an existing regulation?
My answer is "yes."
2. Does the Board have the authority under the law to order specific amendments or modifications to a regulation?
My answer is "yes."
3. Assuming the answer to either of the above is in the affirmative, are there time limits within which the Board must act to repeal or order the amendment to a duly adopted regulation?
 My answer is "no," there are no statutory time limits within which the board must review the commissioner's rules and regulations but the board's procedural rules limit its power to review rules adopted in the past.
4. May the Board, for example, order repeal or amendment of a regulation which has been in effect for three or four years?
My answer is "yes."
5. If a regulation has been duly adopted and incorporated into the terminology of an insurance policy contract, what is the effect of the repeal (or material modification) of such regulation as it would impact on the policy contract provisions? If the consumer/policyholder has relied on the language in his policy incorporating the intent of the regulation, would not the Board's repeal or modification be a violation of contract rights? Note that the statute states that the Board's modification shall become effective after 45 days notice thereof has been given to the Commissioner. It surely cannot be called a valid exercise of policy power if the Board has been given those standards to judge by in the statute.
 This question cannot be answered in the absence of a factual context.
6. Once a regulation is repealed by the Commissioner, must that fact be published in the Colorado Register?
My answer is "yes."
ANALYSIS
Subpart (1)(b), as quoted above, is not without ambiguity. In general, however, statutes are to be given a rational and sensible construction. 2A Sands, Sutherland's StatutoryConstruction, section 45.12 (1973 ed.). As the supreme court recently stated in the Jorgensen case,supra at 5-6, "If two provisions can be construed to avoid an inconsistency, such a harmonious construction will be adopted."
The first sentence of subpart 1(b) provides that the board shall "make recommendations for modifications" to any rule and the second sentence declares that "(s)uch modificationsshall become effective" forty-five days after notice to the commissioner. (emphasis added). The usual meaning of the term "make recommendations" is "to counsel or advise (that something be done)." American Heritage Dictionary
(1976 ed.). The word "shall," used in the second sentence, is mandatory language. "Shall" indicates "compulsion with the force of must, in statutes, deeds, and other legal documents." Id. The two sentences of subpart (1)(b) can be harmonized by interpreting the subpart as creating a duty in the commission to make whatever modifications in the rule are recommended by the board.
Support for this statutory construction is found in subpart (2) of C.R.S. 1973, 10-1-103.2 and in the rules of the insurance board.
Subpart (2), set forth above, permits the board to examine any rule of the commissioner when an interested person petitions for review. Subpart (2) makes it absolutely clear that an order issued by the board after a hearing is binding on the commissioner as well as on any other party. Thus, under a subpart (2) proceeding, the board may order the commissioner to repeal or modify a rule.
Given this fact, it would be anomalous to construe a recommendation under subpart (1)(b) as non-binding on the commissioner since that construction would merely compel a board member to institute a subpart (2) proceeding in order to make the board's order binding. (Note that the board has defined "interested person" under subpart (2) to include a board member).
Also supporting the construction which I have given to subpart (1)(b) are the rules which have been issued by the board. Generally, deference is given to the contemporaneous interpretation of a statute adopted by the agency charged with enforcing the statute. Davis v. Conour, 178 Colo. 376,497 P.2d 1015 (1972). In its rules, the board has construed its recommendations under subpart (1)(b) as binding on the commissioner. The board's rules state: "The Commissioner's initial order, rule or ruling is effective when issued and remains in effect until and unless modified" by the board. The rules also provide that the modification is effective forty-five days after the meeting at which modification is adopted.
Your third, fourth and fifth questions ask whether there are time limitations on the board's consideration of the commissioner's rules. H.B. 1179 itself does not restrict the board's review of rules under subpart (1)(b). However, by its rules, the board apparently has limited its powers under subpart (1)(b). The board's rules contemplate only review of rules adopted by the commissioner on or after the effective date of the board's rules. Section (1)(A) of the board's procedures require the commissioner to submit each rule to the board of the time when the rule is adopted. Under (1)(B) of the board's procedures, the process for modifying a rule is triggered by the commissioner's submission of the rule. The board's rules require the commissioner to submit all existing rules and no procedure is established to review rules adopted in the past.
Because it is often held that an agency is bound by its procedural rules, Vitarelli v. Seaton, 359 U.S. 535
(1959), the board cannot now use subpart (1)(b) to review the commissioner's rules which predate the effective date of the board's rules. I hasten to add that I see no obstacle to the board amending its rules to permit subpart (1)(b) review of all existing rules issued by the commissioner. Also, as noted above, even without a change in the board's procedures, a proceeding under subpart (2) could be initiated by a board member or other interested person to review any existing rule.
SUMMARY
To summarize, the answer to your third question is no, there are no statutory time limits within which the board must review the commissioner's rules and regulations. In response to question no. 4, it is my opinion that the board may order a repeal or amendment of a regulation even if it has been in effect for three or four years. Your fifth question concerns the effect of a repeal or modification on an insurance policy contract. It appears that this question would be best dealt with in a specific factual context. However, I must point out that changes in rules can be made just as changes in statutes are made and, in many cases, a change in an interpretive rule may have retroactive application. Davis, Administrative LawTreatise, section 5.09 (1970 Supp.).
Your final question asks whether a regulation which is repealed by the board must be published in the Colorado Register. My response is yes. Under the Administrative Procedure Act, repeal of a rule is within the definition of rulemaking. C.R.S. 1973,24-4-102(16). Thus, the requirement of publication in the Colorado Register applies to repeal of a rule. However, under the terms of the Administrative Procedure Act, the specific provisions of the Insurance Act control with respect to the method of repeal and the effective date of the repeal. C.R.S. 1973, 24-4-107.
If you have any further questions regarding this subject, please contact me.
Very truly yours,
 J.D. MacFARLANE Attorney General
RULES AND REGULATIONS INSURANCE ADMINISTRATIVE PROCEDURE
C.R.S. 1973, 10-1-103.2 C.R.S. 1973, 24-4-102(16) C.R.S. 1973, 24-4-107
REGULATORY AGENCIES, DEPT. Insurance, Div. of
Insurance Board has authority to order repeal or modification of a rule issued by Insurance Commissioner and there are no statutory limits on the time when the rule must be reviewed.