Mr. Jack Kintslinger Executive Director Department of Highways 4201 East Arkansas Avenue Denver, CO 80222
Dear Mr. Kintslinger:
I am writing in response to your request for an attorney general's opinion on the following question:
QUESTION PRESENTED AND CONCLUSION
Whether the Department of Highways is required to provide the Department of Administration with an inventory of the rights-of-way under all state highways.
 For the reasons discussed below, the answer to the question is "no."
ANALYSIS
Senate Bill 306, 1979 legislative session, transferred many of the functions previously delegated to the Office of State Planning and Budgeting to the Department of Administration under a new part 13 of article 30, title XXIV, C.R.S. 1973. As amended, 24-30-1303(1)(c) requires that the Department of Administration:
 Obtain and maintain a correct and current inventory of all real property, with improvements thereon, owned by or held in trust for the state of Colorado or any state department, agency, or institution and, in cooperation with the attorney general, correct any defects in title to said real property necessary to vest marketable title in the state;
Prior to the passage of Senate bill 306 an identical requirement to inventory real property was imposed on the Office of State Planning and Budgeting in C.R.S. 1973, 24-37-103(d) (1978 Supp). The latter provision was a new section added in 1975.See 1975 Sess. L. ch. 215 at p. 816. Thus, the only change made by Senate bill 306 in regard to the question you have raised was to transfer responsibility for obtaining and maintaining the real property inventory from one agency to another.
It is my understanding that the Office of State Planning and Budgeting interpreted the provision in question as not applying to highway rights-of-way. Accordingly, since 1975, your department has not submitted information on rights-of-way for inclusion in the real property inventory.
With that background in mind, I turn to construction of the provision. Several principles of statutory construction are relevant. First, statutes are to be given a rational and sensible construction. 2A Sands, Sutherland's StatutoryConstruction, § 45.12 (4th ed.). In other words, a construction which is meaningless or leads to an absurdity should be avoided. Second, the cardinal purpose of the statute is controlling as to the meaning of its parts. Id. at § 46.05, Peoples Bank v. Banking Board,164 Colo. 564, 436 P.2d 681 (1968). Finally, the contemporaneous construction of a statute by the agency charged with its administration is entitled to deference. Udall v.Tallman, 380 U.S. 1 (1965); Davis v.Conour, 178 Colo. 376, 497 P.2d 1015 (1972).
Under the broad language of the statute, "all real property" is to be included in the inventory. Rights-of-way under state highways are either easements or fee ownership, and as such, are real property. Lehman v. Williamson,35 Colo. App. 372, 533 P.2d 63 (1975).
However, the stated purpose of the inventory required by C.R.S. 1973, 24-30-1303(c) is to perfect and "vest marketable title in the state." The legislature has enacted a specific statutory scheme governing the disposition of rights-of-way taken for state highway purposes. An analysis of those provisions indicates that marketable title to such property is not an element in such scheme, and supports the conclusion that the legislature did not intend to include such property within the inventory required by C.R.S. 1973, 24-30-1303(c).
C.R.S. 1973, 43-2-106 provides that, when abandoned, rights-of-way upon which a highway has been constructed shall revert to the owner of the abutting land. Land acquired for state highway purposes, upon which there has been no construction, shall first be offered to the original owner under C.R.S. 1973, 43-1-210(5)(b) and is then available to political subdivisions for specific purposes under paragraph (a) of that subsection (5). Under that provision, excess rights-of-way, which may be disposed of under terms set by the highway commission and the chief engineer, with the approval of the Governor, must first be offered to political subdivisions, at the original acquisition cost, for specified purposes, and then offered to the original owner. However, by statute, such conveyances are without warranty, and therefore would not appear to be property with marketable title as contemplated by C.R.S. 1973, 24-30-1303(c). If this is true, it would lead to an absurd result and would not serve the purposes of C.R.S. 1973, 24-30-1303(1)(c) to include highway rights-of-way in the real property inventory.
SUMMARY
It is therefore my opinion that, in light of the purpose and the construction which it has been given since 1975, rights-of-way for highways are not subject to the requirements of C.R.S. 1973,24-30-1303(c).
I hope that this opinion sufficiently addresses your inquiry.
Very truly yours,
 J.D. MacFARLANE Attorney General
INVENTORY HIGHWAYS PROPERTY, REAL
C.R.S. 1973, 24-30-1300 C.R.S. 1973, 24-37-103(d) C.R.S. 1973, 43-2-106
HIGHWAYS, DEPT. OF Administration ADMINISTRATION, DEPT. OF
Rights of way for state highways are not "inventory" under the provisions of C.R.S. 1973, 24-30-1300 et seq.