**CITY AND COUNTY OF DENVER d/b/a Department of Health and Hospitals, Petitioner,**

v.

**COLORADO CIVIL RIGHTS COMMISSION, Theresa Zajonckowski, Respondents.**

**No. 80CA0872.**

Colorado Court of Appeals, Div. I.

Nov. 27, 1981.

Max P. Zall, City Atty., Darlene M. Ebert, Asst. City Atty., Denver, for petitioner.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Ann Sayvetz, Asst. Atty. Gen., Denver, for respondents.

SMITH, Judge.

Petitioner, City and County of Denver, seeks review of the amount of damages awarded to Theresa Zajonckowski by the Colorado Civil Rights Commission, and the particulars of the Commission's cease and desist order. We vacate the cease and desist order and affirm in part and reverse in part the damages awarded.

In the fall of 1977, the City and County of Denver's Department of Health and Hospitals hired individuals to participate in an ambulance career development project. The program was funded by the Federal Comprehensive Employment and Training Administration (CETA). Theresa Zajonckowski applied and, pending the completion of a physical examination, was conditionally accepted to the City's ambulance medical aid trainee program commencing November 16, 1977. Following the examination she was rejected for failure to meet the height and weight guidelines set by the physician for the program.

On February 16, 1978, Zajonckowski accepted a medical aid trainee position in the City's triage program and worked until December 22, 1978, when she resigned. Since then, Zajonckowski has not obtained any medically related education or employment, and testified at the hearing that she would refuse any offer by the City for further training and/or employment.

Zajonckowski filed a charge of sex discrimination with the Colorado Civil Rights Commission (Commission) based upon her rejection for the ambulance program. Prior to the hearing, the City admitted the rejection of Zajonckowski was discrimination on the basis of sex. Accordingly, the hearing officer was concerned only with the issue of damages. The initial decision of the hearing officer ordered the City to pay monetary damages in the following amounts:

1. $3,187 back pay from 10–16–77 through 12–20–79, the date of the hearing.

2. $1,056 accrued annual leave.

3. $1,000 value of secondary level ambulance technician training.

4. $126 medical insurance premiums.

5. $710 prejudgment interest.

The hearing officer also ordered the City to cease and desist the use and application of any height and weight requirements for selection of its ambulance attendant positions, actively to seek women to fill such vacancies in the program, and to report the composition of its ambulance attendant classes at six month intervals for two years.

The Commission reversed the award of prejudgment interest and affirmed the remainder of the hearing officer's order.

## I. Monetary Awards

### A. Back Pay

■ The City urges a narrow construction of the Commission's enabling statute, contending that the Commission acted beyond the scope of § 24–34–405, C.R.S.1973 (1980 Cum.Supp.) in awarding back pay without an accompanying order to hire, reinstate, or upgrade. Because we must presume that the General Assembly intended a just and reasonable result, we reject the City's interpretation. Section 2–4–201(1)(c), C.R.S.1973; *Conrad v. City of Thornton*, 36 Colo.App. 22, 536 P.2d 855 (1975), *rev'd on other grounds*, 191 Colo. 444, 553 P.2d 822 (1976).

The ambulance attendant program to which Zajonckowski applied was eliminated with the cessation of CETA funds in October of 1978. It would be incongruous indeed if a victim of discriminatory conduct was precluded from receiving back pay because hiring or reinstatement had become impossible. Moreover, we are guided in our interpretation of the Commission's enabling statute by previous decisions in which back pay alone was awarded. *Davis v. Conour*, 178 Colo. 376, 497 P.2d 1015 (1972).

■ However, we agree with the City that the Commission erred in the amount of back pay awarded. Zajonckowski is entitled only to the amount of back pay which will make her whole, *i.e.*, that which she would have received in the absence of the City's discriminatory conduct. *See Taylor v. Safeway Stores, Inc.*, 524 F.2d 263 (10th Cir. 1975).

Accordingly, the Commission should have awarded back pay at the ambulance attendant rate of $537 per month from the time of respondent's discriminatory conduct (November 16, 1977) until Zajonckowski secured comparable employment from the City in the triage program on February 16, 1978. The only other amount of back pay to which Zajonckowski is entitled is any difference between her actual salary and the ambulance attendant's salary level from February 16, 1978, until she resigned on December 22, 1978.

### B. Accrued Annual Leave and Secondary Training

■ We agree with the City that the monetary awards in lieu of accrued annual leave and for the value of secondary training were improper. The record indicates that Zajonckowski would have been entitled to accrued leave time only if she had remained in the program until that right matured. The same is true of her right to take the secondary training program. It was Zajonckowski's act in voluntarily quitting, rather than discriminatory conduct by the City, which cut off her rights to vacation time and precluded her from entering the secondary level of training. The statute does not authorize an award for loss of these benefits unless the loss results from a termination in violation of § 24–34–402, C.R.S.1973 (1980 Cum.Supp.) by the employer. There was no such violation here. Zajonckowski voluntarily quit, and, thus, by her own choice, forfeited these rights.

Accordingly, we set aside the award of monetary damages designed to compensate for loss of accrued annual leave and the monetary value of the secondary training.

### C. Medical Insurance

■ We further agree that the Commission erred in awarding $126 for three

months of medical insurance. Zajonckowski testified that she paid insurance premiums at $42 per month for coverage between October 21 and November 16, 1977. No evidence other than this one month's payment was adduced at the hearing. While we agree that the Commission had the power to reimburse Zajonckowski for the insurance premium paid by her, the record supports only an award of $42. *Geer v. Stathopulos*, 135 Colo. 146, 309 P.2d 606 (1957).

### II. *Cease and Desist Order*

■ The Commission issued a cease and desist order prohibiting the City from using any minimum height/weight criteria for its entry level ambulance attendant classes, as well as requiring the City to announce the termination of height/weight criteria and to report the composition of its classes at six month intervals for two years. The record makes it clear that the program to which the cease and desist order was directed was no longer in existence at the time the order was entered, and that there were in existence no plans to reinstate such a program. There was therefore no basis for the issuance of the cease and desist order and its mandatory requirements. That order therefore may not stand.

The cease and desist order is vacated. The award of damages is affirmed in part and reversed in part, and the cause is remanded to the Commission with directions to enter an award of damages consistent with this opinion.

VAN CISE and TURSI, JJ., concur.