**WORLD WIDE CONSTRUCTION SERVICES, INC., Petitioner,**

v.

**Jule CHAPMAN and Colorado Civil Rights Commission, Respondents.**

No. 81CA1014.

Colorado Court of Appeals, Div. II.

Dec. 2, 1982.

Rehearing Denied Dec. 23, 1982.

Certiorari Granted May 23, 1983.

LaCroix, Achziger & Multz, P.C., Carroll E. Multz, Grand Junction, for petitioner.

J.D. MacFarlane, Atty. Gen., Richard Hennessey, Deputy Atty. Gen., Mary Mullarkey, Sol. Gen., Edward Martinez, Asst. Atty. Gen., for respondents.

BERMAN, Judge.

Petitioner seeks review of an order entered by the Civil Rights Commission concerning sex discrimination by petitioner and which awarded back pay to respondent Jule Chapman and ordered periodic reporting to the Commission by petitioner. We affirm.

Respondent Chapman worked for petitioner as an apprentice pipefitter from September 24, 1979, until her discharge on October 16, 1979. Shortly after her discharge, Chapman filed a sex discrimination complaint with the Colorado Civil Rights Commission.

The hearing officer found that Chapman's discharge constituted illegal sex discrimination, and ordered petitioner to cease and desist from further discriminatory practices. However, the hearing officer found that Chapman was not entitled to back pay because she had not been reinstated or upgraded, and he failed to rule on the issue of periodic reporting by petitioner.

Chapman appealed to the Civil Rights Commission, disputing both the denial of back pay, and the omission of an order requiring periodic reporting. The Commission reversed the portion of the hearing officer's order denying back pay. It also found that the officer's failure to rule on the reporting issue was an abuse of discretion; thus, it modified the officer's decision to require semi-annual reports.

■ Petitioner's first contention is that, under § 24–34–405, C.R.S.1973 (1982 Repl. Vol. 10), the Commission lacked statutory authority to award back pay in the absence of an affirmative action such as reinstatement. We disagree.

*Denver v. Civil Rights Commission,* 638 P.2d 837 (Colo.App.1981) is controlling here. In *Denver,* we held that the Commission was authorized to award back pay without an accompanying order to hire, reinstate, or upgrade where such hiring, reinstatement, or upgrading was precluded by the elimination of the complainant's job program. There, we reasoned that: "It would be incongruous indeed if a victim of discriminatory conduct was precluded from receiving back pay because hiring or reinstatement had become impossible."

■ We reach the same conclusion here where the victim of discriminatory conduct has not been offered reinstatement and, in any event, does not wish to return to the offending party's employ. As in *Denver,* we must presume that the General Assembly intended a just and reasonable result. Section 2–4–201(1)(c), C.R.S.1973. Once an employee has been the victim of a discriminatory firing, he or she should not be forced to seek reinstatement with the same employer in order to receive an award of back pay. The appropriateness of this rule is particularly revealed in the many cases where the discharged employee will have mitigated damages by obtaining another job prior to the Commission's discrimination decision.

Petitioner's second contention is that the hearing officer acted properly in not requiring petitioner to report periodically to the Commission concerning compliance with the cease and desist order. We disagree.

First of all, petitioner's framing of this issue is misleading. Petitioner argues that the hearing officer had discretion either to grant or to deny an order requiring reporting, and we do not disagree. However, the hearing officer neither granted nor denied Chapman's request for reporting—it simply failed to make a decision on that issue.

■ The hearing officer is required by statute to "include [in his decision] a statement of findings and conclusions upon all the material issues of fact, law, or discretion presented by the record and the appropriate order, sanction, relief, or denial thereof." Section 24–4–105(14), C.R.S.1973 (1982 Repl.Vol. 10). Consequently, here, the hearing officer's failure to issue an order regarding reporting was in error.

■ However, the hearing officer's omission was corrected by the Commission's decision which ordered petitioner to report every six months. Because, in any event, the ultimate discretion to grant or deny relief lies with the Commission, § 24–34–405, C.R.S.1973 (1982 Repl.Vol. 10), we find unpersuasive petitioner's contention that the hearing officer's "denial" should stand.

Judgment affirmed.

SMITH and TURSI, JJ., concur.