**WORLD WIDE CONSTRUCTION SERVICES, INC., Petitioner,**

**v.**

**Jule CHAPMAN and Colorado Civil Rights Commission, Respondents.**

**No. 83SC17.**

Supreme Court of Colorado, En Banc.

June 25, 1984.

Carroll E. Multz, LaCroix, Achziger & Multz, P.C., Grand Junction, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Denver, Edward R. Martinez, Regional Asst. Atty. Gen., Grand Junction, for respondents.

DUBOFSKY, Justice.

We granted certiorari to review the Court of Appeals' decision in *World Wide Construction Services, Inc. v. Chapman*, 665 P.2d 132 (Colo.App.1982) upholding the

authority of the Colorado Civil Rights Commission (commission) to order a respondent-employer, found to have engaged in unfair or discriminatory employment practices, to provide back pay to a complainant who did not seek an order regarding reinstatement. We reverse the Court of Appeals' decision and remand this case with directions.

## I.

The complainant, Jule Chapman, served as an apprentice pipefitter with World Wide Construction Services, Inc. (the employer) from September 24, 1979 until her discharge on October 16, 1979. Shortly thereafter, the complainant filed a charge with the commission alleging that the employer had discharged her because of her sex. The commission issued a complaint, requiring the employer to answer the complainant's charges at a formal hearing. At the hearing, the complainant requested an award of back pay but did not seek reinstatement. The hearing officer, in a decision dated January 7, 1981, found the employer to have engaged in unfair and discriminatory employment practices and issued a cease and desist order, but did not award the complainant back pay, stating that he lacked the authority to make such an award except as an adjunct to an order requiring the employer to take affirmative action regarding hiring, reinstatement, or upgrading of employees (an order requiring affirmative action).

The complainant appealed to the commission, which affirmed the cease and desist order but reversed the hearing officer's conclusion that back pay may not be awarded except as an adjunct to an order requiring affirmative action. The commission awarded the complainant $7739.80 for lost wages, overtime and fringe benefits, plus interest at the rate of 8% from October 16, 1979. The employer appealed and the Court of Appeals affirmed, relying on *City & County of Denver v. Colorado Civil Rights Commission*, 638 P.2d 837 (Colo.App.1981). We granted certiorari to determine whether section 24–34–405, 10 C.R.S. (1982) permits an award of back pay

in the absence of affirmative action regarding hiring, reinstatement or upgrading of employees.

## II.

■ The parties agree that the commission may only provide remedies authorized by its enabling statute. *See Travelers Indemnity Co. v. Barnes*, 191 Colo. 278, 552 P.2d 300 (1976). Sections 24–34–301 to –308, 10 C.R.S. (1982 & 1983 Supp.) set out the commission's powers and duties and the procedures governing resolution of charges of discriminatory or unfair practice. Section 24–34–306(9), 10 C.R.S. (1982) requires that:

If, upon all the evidence at a hearing, there is a statement of findings and conclusions in accordance with section 24–4–105 [governing administrative hearings], together with a statement of reasons for such conclusions, showing that a respondent has engaged in or is engaging in any discriminatory or unfair practice as defined in parts 4 to 7 of this article, the commission shall issue and cause to be served upon the respondent an order requiring such respondent to cease and desist from such discriminatory or unfair practice and to take such action as it may order in accordance with the provisions of parts 4 to 7 of this article.

Part 4 of title 24, article 34 (sections 24–34–401 to –406, 10 C.R.S. (1982)) addresses discriminatory and unfair employment practices. The relief provision specifically applicable to part 4 is section 24–34–405, 10 C.R.S. (1982), which states:

In addition to the relief authorized by section 24–34–306(9), *the commission may order a respondent* who has been found to have engaged in an unfair or discriminatory employment practice *to take affirmative action regarding hiring, reinstatement, or upgrading of employees, with or without back pay,* the referring of applicants for employment by any respondent employment agency, the restoration to membership by any respondent labor organization, the admission to or continuation in enrollment in

an apprenticeship program, on-the-job training program, or a vocational school, the posting of notices, and the making of reports as to the manner of compliance. (Emphasis added.)

The question before us is whether section 24–34–405 authorizes an award of back pay independent of an order requiring affirmative action. We conclude that it does not.

Section 24–34–307(12), 10 C.R.S. (1973),[1] the forerunner of section 24–34–405, provided in part: "[T]he commission shall [require the respondent] to take such affirmative action, *including (but not limited to)* hiring, reinstatement, or upgrading of employees, with or without back pay ... as in the judgment of the commission will effectuate the purposes of this part 3." (Emphasis added.) It is undisputed that section 24–34–307(12) authorized the commission to award back pay independent of an order requiring affirmative action. In 1979, however, the General Assembly repealed and reenacted article 34, deleting the phrase "including (but not limited to)" from the relief provision. In *City & County of Denver v. Colorado Civil Rights Commission*, 638 P.2d 837 (Colo.App.1981), the Court of Appeals refused to interpret this revision to preclude independent awards of back pay, citing *Davis v. Conour*, 178 Colo. 376, 497 P.2d 1015 (1972) (legislative intent to change the meaning of a statute in the course of a general revision will not be inferred unless that intent is clearly manifested). The Court of Appeals held that the presumption that the General Assembly intended a just and reasonable result mandated its interpretation in *City & County of Denver v. Colorado Civil Rights Commission*, 638 P.2d at 839.

In the instant case, the employer argues that the plain language of section 24–34–405, 10 C.R.S. (1982) precludes independent awards of back pay. The commission and complainant, relying on *City & County of*

*Denver v. Colorado Civil Rights Commission*, contend that the employer's reading of the statute is contrary to public policy. The commission and complainant assert that victims of employment discrimination should be encouraged to mitigate their damages by seeking other employment, and that to require victims of discrimination to leave their current jobs and return to former employers to obtain back pay would reduce the incentive such victims have to bring charges of discrimination. The commission and complainant maintain that a denial of independent back pay awards would undermine, substantially if not wholly, the legislative purpose of eradicating employment discrimination.

■ The plain language of section 24–34–405 precludes back pay awards independent of an order requiring affirmative action. We are not persuaded, however, that such a reading significantly undermines the purpose of the statute. The requirement that an order of back pay be accompanied by an order requiring affirmative action does not necessitate that complainants leave their current jobs and accept reinstatement. Commission orders requiring affirmative action are directed to respondent-employers only; successful complainants are free to waive actual reinstatement. Moreover, regardless of the policy implications of the plain language of section 24–34–405, the commission and the complainant are unable to connect the Court of Appeals' interpretation of the statute, allowing independent awards of back pay, to any statutory language. We therefore reverse the decision of the Court of Appeals and hold that section 24–34–405 does not authorize an independent award of back pay.[2]

■ In this case, the complainant, through the commission's attorney, and the commission reasonably relied on the Court of Appeals' decision in *City & County of*

---

1. Ch. 177, sec. 4, § 80–24–7(12), 1963 Colo.Sess. Laws 625, 628.

2. The decision of the Court of Appeals in *City & County of Denver v. Colorado Civil Rights Com-* *mission*, 638 P.2d 837 (Colo.App.1981) is overruled to the extent it is inconsistent with this opinion.

*Denver v. Colorado Civil Rights Commission,* 638 P.2d 837 (Colo.App.1981) and waived the issuance of an order requiring reinstatement. Under these circumstances, we consider it unfair and unduly formalistic to deny the complainant relief. *Cf. Subsequent Injury Fund v. Black Mountain Spruce, Inc.,* 682 P.2d 1188 (Colo.1984). We therefore remand this case to the Court of Appeals for return to the commission with directions that the complainant be permitted to request an order of reinstatement, and that the commission issue an appropriate order consistent with this opinion.

Judgment reversed and case remanded.

QUINN, J., dissents, and ERICKSON, C.J., and NEIGHBORS, J., join in the dissent.

QUINN, Justice, dissenting:

I respectfully dissent. In view of the significant public interest in eliminating discrimination in employment, I do not believe section 24–34–405, 10 C.R.S. (1982), should be interpreted to prohibit the Colorado Civil Rights Commission (Commission) from awarding back pay to an employee discharged as a result of sex discrimination when the employee neither seeks nor desires reinstatement to her former position. A basic principle of statutory construction, in my view, supports the Commission's authority to order a back pay award to the discharged employee independently of an order of reinstatement.

In enacting a statute, it is presumed that the legislature intended a just and reasonable result. § 2–4–201(1)(c), 1B C.R.S. (1980). The purpose underlying the creation of the Colorado Civil Rights Commission is the elimination of unfair or discriminatory practices in several important spheres of life, including employment. § 24–34–305, 10 C.R.S. (1982 and 1983 Supp.). In regard to the employment relationship, section 24–34–402(1)(a), 10 C.R.S. (1982), defines a discriminatory or unfair employment practice to include the discharge of an employee on the basis of sex. Section 24–34–405 attempts to effectuate the goal of eliminating sex discrimination in employment by authorizing the Commission to fashion various remedies against an employer who has engaged in a discriminatory employment practice. These remedies include, as pertinent here, an order to the employer "to take affirmative action regarding hiring, reinstatement, or upgrading of employees, with or without back pay."

In contrast to the majority, I do not read this statutory grant of remedial authority in section 24–34–405 as a prohibition against an award of back pay in the absence of an order of reinstatement. If the Commission can impose the greater sanction on the employer—reinstatement with back pay—I see no reason why it cannot impose the lesser sanction of back pay only. An award of back pay to an employee who was discharged as a result of sex discrimination and no longer desires reinstatement is the most effective way of redressing the wrong committed against the employee. A construction that conditions the Commission's authority to award back pay on an order for reinstatement requires a discharged employee not desirous of reinstatement to engage in the questionable and futile practice of requesting a form of relief that she has no intention of accepting.

I acknowledge that the precursor of section 24–34–405 granted the Commission broad authority to require the employer to take affirmative action, "including (but not limited to) hiring, reinstatement, or upgrading of employees, with or without back pay ... as in the judgment of the commission will effectuate the purposes" sought to be achieved by the proscription against discriminatory employment practices. § 24–34–307(12), 10 C.R.S. (1973). Although the legislature in 1979 modified this all-inclusive language when it enacted section 24–34–405, I view the modification as an effort to dispel the notion that the Commission's authority extended to an award of consequential damages, over and above back pay, that might otherwise be arguably implied from the "including but not limited"

language of the prior statute. An award of back pay to a discharged employee not requesting reinstatement is, in my opinion, the very type of affirmative relief that the legislature intended to authorize in section 24–34–405. If section 24–34–405 was intended to prohibit an award of back pay independently of an order of reinstatement, I can only assume that the legislature would have made its intent known by a clear statement to that effect.

I believe the court of appeals provided the appropriate rationale for resolving this case when it stated:

"Once an employee has been found the victim of a discriminatory firing, he or she should not be forced to seek reinstatement with the same employer in order to receive an award of back pay. The appropriateness of this rule is particularly revealed in the many cases where the discharged employee will have mitigated damages by obtaining another job prior to the Commission's discrimination decision." *World Wide Construction Services, Inc. v. Chapman,* 665 P.2d 132, 133 (Colo.App.1982).

I would therefore affirm the judgment.

I am authorized to say that ERICKSON, C.J., and NEIGHBORS, J., join in this dissent.